Jerold D. Friedman (SBN: 290434)
   jerry@lawofficejdf.com
LAW OFFICE OF JEROLD D. FRIEDMAN
19744 Beach Blvd. #390
Huntington Beach, CA 92648
Tel: (213) 536-1244
Fax: (281) 667-3506

Attorney for Plaintiffs
GWEN DANIELSON, EMMA BORHANIAN,
JACK LASOTA, and ALEXANDER JEFFREY LEATHAM

# U.S. DISTRICT COURT
## NORTHERN DISTRICT of CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| GWEN DANIELSON, EMMA BORHANIAN, JACK LASOTA, and ALEXANDER LEATHAM,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, CALIFORNIA, a California Subdivision; WESTMINSTER WOODS, an unknown business entity; DEPUTY JOSEPH L. RICKS, DEPUTY DANIEL AGER, each in their individual capacity; CHRISTOPHER RHODES; OLIVIA LONGSTAFF; and Does 1–10, inclusive<br><br>Defendants. | Case No.: 3:21-cv-8854<br><br>**Original Complaint for:**<br>**1. First Amendment**<br>**2. Fourth Amendment**<br>**3. Fourteenth Amendment**<br>**4. Americans with Disabilities Act**<br>**4. *Monell* Liability**<br>**5. Cal Civ. Code §§ 51.7 (Ralph Act)**<br>**6. Cal Civ. Code § 52.1 (Bane Act)**<br><br>**DEMAND FOR JURY TRIAL** |

1.    Plaintiffs Gwen Danielson, Emma Borhanian, Jack Lasota, and Alexander Leatham ("Plaintiffs") allege as follows against the County of Sonoma, California, a California Subdivision; Westminster Woods, an unknown business entity; Deputy Joseph L. Ricks, Deputy Daniel Ager, each in their individual capacity; Christopher Rhodes; and Does 1–10, inclusive (collectively, "Defendants"):

## I. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. Federal questions arise pursuant to 42 U.S.C. § 1983 and the United States Constitution. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint happened in the Northern District.

3. **Intradistrict Assignment,** pursuant to Civil L.R. 3-2 and 3-5, is to the San Francisco Division because the injuries described herein and Defendants reside in the County of Sonoma.

4. Plaintiffs timely filed their government claim against the government entities. The claim was denied. Therefore, they have exhausted her administrative remedies.

## II. INTRODUCTION

5. This case pertains to several civil rights violations suffered by Plaintiffs at the hands of Defendants. Plaintiffs were falsely accused of several crimes and falsely arrested while protesting matters of public concern. The underlying criminal matter has not resolved. Plaintiffs seek a stay of this civil action until the underlying criminal matter has resolved. Plaintiffs will seek to amend this complaint after the underlying criminal matter resolves.

## III. PARTIES

6. Plaintiff **Gwen Danielson** is a natural person and a resident of the County of Sonoma.

7. Plaintiff **Emma Borhanian** is a natural person and a resident of the County of Sonoma.

8. Plaintiff **Jack Lasota** is a natural person and a resident of the County of Sonoma.

9. Plaintiff **Alexander Leatham** is a natural person and a resident of the County of Sonoma.

10. On information and belief, Defendant **COUNTY OF SONOMA, CALIFORNIA** ("County") is a political subdivision of the State of California. It operates the Sonoma County Sheriff's Dept.

11. On information and belief, Defendant **WESTMINSTER WOODS** is an unknown business entity with its principal place of business in Sonoma County.

12. Defendant **DEPUTY JOSEPH L. RICKS** is sued in his individual capacity and is an employee of County. In each act committed or omitted as described herein, he acted in the course and scope of his employment and under color of state law.

13. Defendant **DEPUTY DANIEL AGER** is sued in his individual capacity and is an employee of County. In each act committed or omitted as described herein, he acted in the course and scope of his employment and under color of state law.

14. Defendant **CHRISTOPHER RHODES** is the executive director of Westminster Woods.

15. Defendant **OLIVIA LONGSTAFF** is a school program coordinator of Westminster Woods.

16. Defendant **Does 1–10, inclusive** ("Doe"), are natural persons or other entity whose identity is presently unknown by Plaintiffs. Plaintiffs shall seek to amend this Complaint when Does' identities are discovered.

17. On information and belief, at all relevant times herein mentioned, each of the Defendants were acting pursuant to a contract or other agreement including both governmental and private parties, the agents, employees, partners, joint venturers, co-conspirators, successors or predecessors in interest, owners, principals, and employers of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, partnership, employment, ownership, joint venture and/or conspiracy. Plaintiff is further informed and believes and based thereon allege that the acts and conduct herein alleged of all such Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

18. Whenever in this Complaint an act or omission of a government, corporation or business entity is alleged, said allegation shall be deemed to mean and include an allegation that the government, corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by managerial officers or directors, and that the act or omission was ratified by the government, corporation or business entity.

19. This Court has personal jurisdiction over each of the Defendants because each either resides in, is based in, or is authorized or registered to conduct or in fact does conduct, substantial business in, California.

### IV.   FACTS

20. On or about November 15, 2019, Plaintiffs were at the property of Westminster Woods in Sonoma County, California, to protest the coverup of child molestation by one or more people at

Westminster Woods. During this time, Westminster Woods was hosting a fundraising or other event that had dozens of people in attendance.

21. Christopher Rhodes or Olivia Longstaff wanted to interrupt and stop the protest, so they called the Sonoma County Sheriff's Department to falsely report that Plaintiffs had a gun.

22. Defendant Joseph L. Ricks arrived at Westminster Woods and arrested each Plaintiff despite no gun being found at any time. Only one gun was reported, yet Ricks arrested each Plaintiff for possession of the gun.

23. Deputy Daniel Agar was the supervisor of Ricks. Agar had the ability to intervene in the arrest of each Plaintiff but failed to intervene in their arrest.

24. During the arrest, Ricks touched LaSota inappropriately and sexually. LaSota loudly shouted that she was being sexually assaulted.

25. The Plaintiffs were transported to Sonoma County Jail, which is operated by Sonoma County Sheriff's Department. While at Sonoma County Jail, each Plaintiff was tortured by Does, specifically each were forced to endure one or more of the following: intentionally deprived of food, water, medication, forced to wear a hood that blocked most sight and hearing at various times as a form of torturous sensory deprivation, stripped naked, and mocked and ridiculed for being transgender.

## V.   CAUSES OF ACTION

### № 1
### Retaliation — First Amendment / 42 U.S.C. § 1983

26. Defendants acted under color of state law. Defendants manufactured probable cause with a false gun report to interrupt Plaintiffs' protest.

27. Defendants' actions intended to chill and silence Plaintiffs' free speech and cause severe emotional distress. Such actions would chill a reasonable person's free speech. Said acts and omissions by Defendants served no legitimate government goal.

### № 2
### Unreasonable Seizure — Fourth Amendment / 42 U.S.C. § 1983

28. Defendants acted under color of state law. Defendants intentionally seized Plaintiffs.

29. In committing the acts and omissions alleged above, Defendants acted in a despicable manner; with malice, fraud, or oppression; with extreme indifference to the rights of Plaintiffs at a level which decent persons should not have to tolerate; and with intent to cause harm to Plaintiffs. Defendants are therefore liable for punitive damages.

## № 3
## Torture — Fourteenth Amendment / 42 U.S.C. § 1983

30. Defendants acted under color of state law. Defendants intentionally subjected Plaintiffs to cruel and unusual punishment as pretrial detainees in violation of the Fourteenth Amendment.

31. In committing the acts and omissions alleged above, Defendants acted in a despicable manner; with malice, fraud, or oppression; with extreme indifference to the rights of Plaintiffs at a level which decent persons should not have to tolerate; and with intent to cause harm to Plaintiffs. Defendants are therefore liable for punitive damages.

## № 4
## Americans with Disabilities Act

32. County is a Government Entity subject to the Americans with Disabilities Act.

33. Plaintiffs are disabled persons due to them needing required mediciations. County intentionally deprived Plaintiffs of said medications while County had custody of Plaintiffs.

## № 5
## *Monell*[1] Liability / 42 U.S.C. § 1983
## (Against County)

34. The County includes in it certain police powers through its Sheriff's Department including the authority to procure and execute search warrants, to enter the home and real property of private persons, and to seize the personal property of private persons.

35. The County Agency enacted, adopted, decided, or ratified several policies, procedures, practices, customs, or equivalent, that caused or were the driving force behind Plaintiffs' injuries:

36. Policy Makers include (without limitation) the Sheriff as well as others who may be identified as having policy-making authority, and who enacted, adopted, followed, and/or ratified said

---

[1] *Monell v. Dept. of Soc. Servs. of the City of N.Y. et al.,* 436 U.S. 658 (1978).

challenged County policies. These policy makers subverted their public service and constitutional mandates with the injurious policies, practices, procedures, or customs complained about herein.

### № 6
### Bane Act — Cal. Civ. Code § 52.1

37. Defendants targeted Plaintiffs on account of their free speech in such manner that Plaintiffs was entitled to whistleblower protection and was therefore in the protected class of whistleblowers and free speakers. Defendants intentionally interfered with Plaintiffs rights to free speech, to petition the government, to own property, to equal treatment, and to due process, under the federal and California constitutions. Defendants attempted to and achieved these goals to varying extents through threats, intimidation, and coercion. Defendants' actions and omissions injured Plaintiffs. The Defendants' conduct was a substantial factor in causing said harm.

38. In committing the acts and omissions alleged above, Defendants acted in a despicable manner; with malice, fraud, or oppression; with extreme indifference to the rights of Plaintiffs at a level which decent persons should not have to tolerate; and with intent to cause harm to Plaintiffs. Defendants are therefore liable for punitive damages.

### № 6
### Ralph Act — Cal. Civ. Code § 51.7

39. Defendants targeted Plaintiffs on account of their free speech in such manner that Plaintiffs was entitled to whistleblower protection and was therefore in the protected class of whistleblowers and free speakers. Defendants intentionally interfered with Plaintiffs rights to free speech, to petition the government, to own property, to equal treatment, and to due process, under the federal and California constitutions. Defendants attempted to and achieved these goals to varying extents through violence. Defendants' actions and omissions injured Plaintiffs. The Defendants' conduct was a substantial factor in causing said harm.

40. In committing the acts and omissions alleged above, Defendants acted in a despicable manner; with malice, fraud, or oppression; with extreme indifference to the rights of Plaintiffs at a level which decent persons should not have to tolerate; and with intent to cause harm to Plaintiffs. Defendants are therefore liable for punitive damages.

## VI.  DAMAGES

41. Plaintiffs suffered pain and suffering, anxiety, depression, PTSD, panic attacks, insomnia, and generally emotional distress and mental anguish.

42. Plaintiffs additionally suffered physical injuries due to excessive force and sexual harassment.

43. Plaintiffs additionally suffered loss of liberty while they were arrested and/or in jail.

44. Defendants' actions forced Plaintiffs to hire an attorney to represent them in the underlying criminal matter.

## VII.  REQUEST FOR RELIEF

Plaintiffs request judgment against Defendants as follows:

1. For general and special damages in an amount to be proved at trial.
2. For punitive damages in an amount to be proved at trial.
3. For statutory damages as provided by Civil Code § 52, including treble actual damages in an amount to be proved at trial.
4. For a civil penalty of $25,000 per violation as provided by Civil Code § 52.
5. For vicarious liability against Westminster Woods for the actions and omissions of its employees.
6. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.
7. For reasonable attorneys' fees and costs pursuant to Civil Code §§ 52(b)(3) and 52.1(h).
8. For pre- and post-judgment interest.
9. For consequential and incidental costs and damages.
10. For such other and further relief as the Court deems just and proper.

## VIII.  JURY DEMAND

45. Pursuant to Civil L.R. 3-6, Plaintiff demands a trial by jury.

1 | Dated: November 15, 2021					By:
2 |								*/s/ Jerold D. Friedman*
								Jerold D. Friedman
3 |								Attorney for Plaintiff