Jerold D. Friedman (SBN: 290434)
    jerry@lawofficejdf.com
LAW OFFICE OF JEROLD D. FRIEDMAN
19744 Beach Blvd. #390
Huntington Beach, CA 92648
Tel: (213) 536-1244
Fax: (281) 667-3506

Attorney for Plaintiffs
GWEN DANIELSON, EMMA BORHANIAN,
JACK LASOTA, and ALEXANDER JEFFREY LEATHAM

# U.S. DISTRICT COURT
## NORTHERN DISTRICT of CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GWEN DANIELSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, CALIFORNIA, et al.,<br><br>Defendants. | Case No.: 3:21-cv-8854-JCS<br><br>**MOTION FOR THE EXTENSION OF TIME TO SERVE SUMMONS ON DEFENDANTS COUNTY OF SONOMA, WESTMINSTER WOODS, AND CHRISTOPHER RHODES PURSUANT RULE 4**<br><br>*Hon. Joseph C. Spero* |

Plaintiffs Gwen Danielson, Emma Borhanian, Jack Lasota, and Alexander Leatham ("Plaintiffs") hereby move the Court for an order extending time to serve summons and complaint upon Defendants County of Sonoma, California; Westminster Woods; and Christopher Rhodes pursuant to Fed.R.Civ.P. 4.

Rule 4 requires a district court to extend time for service for an appropriate period on a showing of good cause. Fed.R.Civ.P. 4(m); see also *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (holding "Rule 4(m) … *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay" (emphasis in original)). "At a minimum, 'good cause' means excusable neglect." See *Boudette v. Barnett*, 923 F.2d 754, 756 (9th Cir. 1991).

The original complaint was filed Nov. 15, 2021 (Doc. No. 1). Rule 4 requires service within 90 days, which is February 14, 2022.

     Defendants **Westminster Woods** and **Christopher Rhodes** were actually served on February 16, 2022, only two days late (Doc. No. 17).

     Plaintiffs hired Najar Investigations to effect service of process on Defendants (Declaration of Janene Zdawczyk, page 1). Najar subcontracted B's Process Serving and informed them that the deadline for them to service process was February 12, 2022 (*id*.). Branden responded that "they could handle this" (*id*.). B's Processing Serving diligently attempted service between February 8 and February 11 (*id*., p.1–2).

     Apparently, another attempt to serve was made on February 16, 2022 after the Declaration was signed. The Return of Service of Process was delivered to Plaintiffs and filed on February 17, 2022 (Doc. No. 17). Given that B's Process Serving accepted the job and responded that "they could handle this," and they did in fact serve process only two days after the deadline after diligent efforts to serve before the deadline, good cause exists to extend the deadline by two days.

     Defendant **County of Sonoma, California**, is represented in this case by Richard Osman (Cal. SBN 167993). Mr. Osman was authorized to accept waiver of service on behalf of two County of Sonoma employees: Defendants Ager and Ricks (*see* Doc. No. 16). In a phone call between counsel on or about January 27, 2022, Mr. Osman advised Plaintiffs' attorney that County of Sonoma policy was to accept waivers of service that were sent to them by U.S. mail.

     Plaintiffs sent a request for waiver of service to County of Sonoma, as instructed by their attorney, by U.S. mail (Exhibit 1) that included a pre-paid, addressed envelope for the County to send the return of service back, but the return has not been received as of the current date.

     It is Plaintiffs' attorney solemn belief that Defendant County of Sonoma was timely served but only receiving and filing the return of service is delayed due to U.S. mail delivery.

     In the event that Plaintiffs actually need to renew their efforts to effect service after the February 14, 2022 deadline, Plaintiffs request a thirty-day extension to serve Defendant County of Sonoma in this instrument as a matter of judicial economy. Good cause is shown by Plaintiffs' counsel following the instructions of Defendant's attorney and sending County a request for waiver of service with ample time for County to use the pre-paid, addressed envelope for the return of service.

Plaintiffs also note that this case is ripe for a stay order because the Plaintiffs still have criminal charges pending, the alleged crimes being at the heart of this case. As a stay order is anticipated, no parties are prejudiced by granting Plaintiffs the relief they now request.

Dated: February 17, 2022

By:
/s/ *Jerold D. Friedman*
Jerold D. Friedman
Attorney for Plaintiff