1
2
3
4
5

Richard S. Diestel, SBN: 095059
Nicholas D. Syren, SBN: 334807
**BLEDSOE, DIESTEL, TREPPA & CRANE LLP**
180 Sansome Street, Suite 500
San Francisco, California 94104-3710
Telephone:    (415) 981-5411
Facsimile:    (415) 981-0352

6
7
8
9

Attorneys for Defendant
WESTMINSTER WOODS CAMP AND
CONFERENCE CENTER, a nonprofit religious
Corporation sued under the name Westminster Woods;
CHRISTOPHER RHODES, an individual and OLIVIA
LONGSTAFF, an individual

10



11

### IN THE UNITED STATES DISTRICT COURT

12

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14
15
16

GWEN DANIELSON, EMMA
BORHANIAN, JACK LASOTA,
ALEXANDER LEATHAM,

                    Plaintiffs,

17          v.

18
19
20
21
22

COUNTY OF SONOMA, CALIFORNIA, a
California Subdivision; WESTMINSTER
WOODS, an unknown business entity;
DEPUTY JOSEPH L. RICKS, DEPUTY
DANIEL AGER, each in their individual
capacity; CHRISTOPHER RHODES;
OLIVIA LONGSTAFF and Does 1-10,
inclusive,

23                    Defendants.

24
25
26
27
28

Case No.: 3:21-cv-8854

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6) OF THE
FEDERAL RULES OF CIVIL
PROCEDURE AND MOTION TO
STRIKE PORTIONS OF THE
COMPLAINT PURSUANT TO RULE
12(f) AND DEMAND FOR JURY TRIAL**

**Complaint filed: 11/15/21**

**DATE: April 15, 2022
TIME: 9:30 A.M.
COURTROOM: F, 15th Floor**

# TABLE OF CONTENTS

Page No.

**NOTICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . .   1

**SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED**

**STATEMENT OF FACTS AND PARTIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

**LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

    **I.**    **The Complaint Fails to State Facts to Withstand Dismissal Under FRCP Rule 12(b)(6)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

    **II.**    **The First, Second, and Third Causes of Actions are Unsupported by Facts Sufficient to State A Claim for a Violation of Constitutional Rights Pursuant to 42 U.S.C. §1983** . . . . . . . . . . . . . . . . . . . . . . . .   4

        **A. Defendants Westminster Woods, Christopher Rhodes and Olivia Longstaff Are Private Actors and Did Not Act Under "Color of State Law"** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

        **B. Plaintiffs' Had No First Amendment Right to Assemble on Private Property** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

    **III.**    **The Sixth Cause of Action is Unsupported by Facts Sufficient to State a Claim for Violations of Bane Act Pursuant to Cal Civ. Code §52.1** . . .   8

    **IV.**    **The Seventh Cause of Action is Unsupported by Facts Sufficient to State acclaim for Violations of the Ralph Act Pursuant to Cal. Civ. Code §51.7** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

    **V.**    **Motion to Strike Pursuant to Federal Rules of Civil Procedure 12(f)** .   11

        **A. Plaintiffs Pleading of Punitive Damages is Improper Under Code of Civ. Procedure Section 425.14 and Should be Stricken Pursuant to Rule 12(f)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

        **B. Plaintiffs' Complaint ¶¶42, 43 and 44 Should be Stricken Pursuant to FRCP 12(f) Because They are Impertinent and Scandalous Prejudicing Defendants** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

**DEMAND FOR JURY TRIAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

///

///

BLEDSOE DIESTEL TREPPA & CRANE LLP

1

## TABLE OF AUTHORITIES

2

**Cases**                                                    **Page No.**

3

*Anderson v. Davis Polk & Wardwell LLP*
  (SD NY 2012) 850 F.Supp.2d 392, 416 . . . . . . . . . . . . . . . . . . . . . . . . . . .

4

  13

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

5

*AX ex rel. Hernandez v. Cnty. Of Tulare,*
  666 F.3d 631, 637 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

6

  4

7

*Barcher v. New York Univ. School of Law*
  (SD NY 1998) 993F.Supp. 177, 181 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

8

  13

9

*Bell At. Corp. v. Twombly,* 550 US at 555 (2009) . . . . . . . . . . . . . . . . . . . . . . . . .    4

10

*Cabesuela v. Browning-Ferris Industries of California, Inc.*
  68 Cal.App.4th 101, 111, 80 Cal.Rptr.2d 60 (6th Dist. 1998) . . . . . . . . . . . . .

11

  10

12

*Carey v. Cont'l Airlines, Inc.,* 823 F.2d 1402 (10th Cir. 1987) . . . . . . . . . . . . . . . . .    6, 7

13

*Carson v. Facilities Dev., Co.,*
  36 Cal.3d 830, 838-39, 206 Cal.Rptr. 136, 686 P.2d 656 (19984) . . . . . . . . .

14

  12

15

*Egan v. Schmock*, 93F. Supp.2d 190, 1094, (N.D. Cal.2000) . . . . . . . . . . . . . . . . . .    10

16

*Eclectic Prop.'s East, LLC v. Marcus & Millichap Co.,*
  751 F.3d 990, 996 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

17

  4

18

*Gatto v. County of Sonoma,*
  98 Cal.App.4th 744, 120 Cal.Rptr. 2d 550 (1st Dist. 2002) . . . . . . . . . . . . .

19

  9

20

*GEOMC Co., Ltd., v. Calmare Therapeutics Inc.,*
  (2nd Cir. 2019) 918 F3d 92, 98 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

21

  11

22

*Hudgens v. NLRB* (1976) 424
  U.S. 507, 518, 567-570, 92 S.Ct. 2219, 2228-2230, 33 L.Ed.2d 196 . . . . . .

23

  7

24

*Jones v. Kmart Corp.,*
  17 Cal.4th 329, 338, 70 Cal. Rptr. 2d 844, 949 P.2d 941 (1988) . . . . . . . . .

25

  9

26

*Lawman v. City and County of San Francisco,*
  159 F. Supp.3d 1130 (N.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

27

  8

28

*Lee v. Town of Estes Park*, 820 F.2d 1112 (10th Cir. 1987) . . . . . . . . . . . . . . . . . . . . .    7

*Lloyd Corp. v. Tanner,*
     (1972) 407 U.S. 551, 567-570, 92 S.Ct. 1029, 1037, 47 L.Ed.2d 131 . . . . . . . .     7

*Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

*Marsh v. State of Alabama,*
     (1946) 326 U.S. 501, 506-508, 66 S.Ct. 276, 278-279, 90 L.Ed. 2165 . . . . . .     7, 8

*McFarland v. City of Clovis,* 2016 WL 632663 (E.D. Cal. 2016) . . . . . . . . . . . . . . .     8

*Metbolife Intern, Inc. v. Wornick,* (2001) 264 F.3d 832, 839-840 . . . . . . . . . . . . . . . 11, 12

*Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009) . . . . . . . . . . . . . . . . . .     4

*Reinhardt v. Santa Clara City,*
     No. C05-05143, 2006 WL 3147691 at *7 (N.D. Cal. No. 1, 2006) . . . . . . . . . .     8

*Rendell-Baker v. Kohn,*
     (1982) 457 U.S. 830, 940, 102 S.Ct. 2764, 2770-2771 . . . . . . . . . . . . . . . . . . .     5

*Righthaven llc V. Democratic Underground, LLC,*
     (D NV 2011) 791 F.Supp.2d 968, 977 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     13

*Rowe v. Superior Court,* (1993) 15 Cal.App.4th 1711. . . . . . . . . . . . . . . . . . . . . . . . . . .11, 12

*Schaffer v. Salt Lake City Corp.,* F.3d 1151 (10th Cir. 2016) . . . . . . . . . . . . . . . . . . . . .     5, 6, 7

*Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

*Susilo v Wells Fargo Bank, N.A.,*
     (CD CA 2011) 796 F.Supp.2d 1177, 1196 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     11

*Tapley v. Lockwood Green Engineers, Inc.,*
     (8th Cir. 1974) 502 F2d 559, 560 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     11

*U.S. ex re. Newsham v. Lockheed Missiles & Space Co., Inc.*
     (9th Cir. 1999)190 F.3d 963, 972 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     12

*Walker v. Armco Steel Corp.*
     (1980) 446 U.S. 740, 752, 100 S.Ct. 1978, 64 L.Ed.2d 659 . . . . . . . . . . . . . . .     12

*Whittlestone, Inc. v. Handi-Craft Co.,* (9th Cir. 2010) 618 F3d 980, 973-974 . . . . . .     11

*Wilcox v. Superior Court,* 27 Cal.App.4th 809, 33 Cal.Rptr. 454, 455 (1994) . . . . . .     12

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **STATUTES**            **Page No.**

42 U.S.C. Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 6, 8, 10, 14

California Civil Code Section 51.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 11

California Civil Code Section 51.7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

California Civil Code Section 52.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

California Code of Civil Procedure Section 425.14 . . . . . . . . . . . . . . . . . . . . . . 11

California Code of Civil Procedure Section 425.16 . . . . . . . . . . . . . . . . . . . . . . 11

Federal Rule Civil Procedure, Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 4, 14

Federal Rule Civil Procedure, Rule 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11, 13, 14

## **OTHER AUTHORITIES**

Bane Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9, 10, 14

California Civil Practice Civil Rights Litigation Section 3:19 . . . . . . . . . . . . . . . 9

California Constitution, Article IX, Section 2 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

California Practice Guide Employment Ligitation, Ch.7-C . . . . . . . . . . . . . . . . . 5

Civil Rights Act of 1871. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ralph Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 11, 14

Rutter Group Practice Guide Federal Civil Procedure Before Trial Ch. 9-G . . . . . 11, 13

**DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE – DEMAND FOR JURY TRIAL -**
**Case No.: 3:12-cv-8854-JCS**

1

## **NOTICE**

TO PLAINTIFFS GWEN DANIELSON, EMMA BORHANIAN, JACK LASOTA, ALEXANDER LEATHAM, ITS ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on Friday April 15, 2022 at 1:30 pm. or as soon thereafter as the matter may be heard in Courtroom F, 15th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, *San Francisco*, California, defendants WESTMINSTER WOODS CAMP AND CONFERENCE CENTER, a nonprofit religious corporation sued under the name Westminster Woods, CHRISTOPHER RHODES, an individual, and OLIVIA LONGSTAFF, an individual, will and hereby do move this Court for an order granting their Motion for Dismissal of the claims specified below and contained in plaintiffs GWEN DANIELSON, EMMA BORHANIAN, JACK LASOTA, and ALEXANDER LEATHAM's, complaint, for failure to state any claim upon which relief can be granted, and for an order granting the striking of claims specified below and contained in plaintiffs complaint. This motion is brought pursuant to Federal Rules of Civil Procedure (FRCP), Rule 12(b), subsection (6), as set forth more fully in the Memorandum of Points and Authorities below. In addition to the Motion to Dismiss pursuant to Rule 12(b)(6), defendants bring a Motion to Strike pursuant to Federal Rules of Civil Procedure (FRCP), Rule 12(f), and hereby move this Court for an order striking certain sections of the complaint. This motion is based on this notice, the memorandum of points and authorities, the papers, and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED**

Plaintiffs GWEN DANIELSON, EMMA BORHANIAN, JACK LASOTA, ALEXANDER LEATHAM, ("Plaintiffs") bring this action against defendants WESTMINSTER WOODS CAMP AND CONFERENCE CENTER, CHRISTOPHER RHODES, and OLIVIA LONGSTAFF ("Defendants" or "Religious Defendants") alleging three constitutional violations pursuant to 42 U.S.C. § 1983, stating separate causes of action for (1) Retaliation – First Amendment, (2) Unreasonable Seizure – Fourth Amendment, and (3) Torture

-1-

– Fourteenth Amendment, each cause of action alleging "Defendants acted under color of state law."

In addition, Plaintiffs allege that the Religious Defendants violated the Bane Act pursuant to California Civil Code § 52.1 (Cause of Action No. 6), and the Ralph Act pursuant to California Civil Code § 51.7 (Cause of Action No. 7, misnumbered in the Complaint as a second cause of action No. 6).

Plaintiffs causes of action No. 4 – Americans with Disabilities Act, and No.5 – Monell Liability violations of the American Monell Liability pursuant to Section 1983 are not pleaded against Defendants Westminster Woods, Christopher Rhodes or Olivia Longstaff but are solely against Defendant the County of Sonoma. Moreover, a violation of the ADA is not applicable as pleaded because Westminster Woods is a religious corporation exempt from ADA compliance.

Specifically, dismissal of all causes of action against the Religious Defendants is warranted because: (1) The first three causes of action will fail under 42 U.S.C. § 1983 because the Religious Defendants are not government actors and do not meet the threshold of acting under the "color of law," an element of a constitutional violation under 42 U.S.C. § 1983, and because the violations are alleged to have occurred on private property failing to trigger constitutional protections; and, (2) The alleged violations of the Bane Act and Ralph Act also fail because the alleged violations occurred on private property and 1st Amendment rights to free speech are not protected by the United States or California constitutions. Further, the facts offered to support violations of the Bane and Ralph Acts, as alleged in Paragraph 25, describe conduct occurring during the arrest and transportation of Plaintiffs to the Sonoma County Jail, during their detention.

## STATEMENT OF FACTS AND PARTIES

Plaintiffs Gwen Danielson, Emma Borhanian, Jack Lasota, and Alexander Leatham are all individuals and residents of Sonoma County. (Dkt. #1, Plaintiff's Complaint ¶¶ 6-10). Defendant Westminster Woods is a non-profit religious corporation organized "to operate a camp and conference facility under the Rules, Regulations and Discipline of the Presbyterian Church in the United States of America with its principal place of

business in Sonoma County, California. (See Articles of Incorporation, attached as **Exhibit A** to Declaration of Christopher Rhodes). Defendant Westminster Woods asks the Court to take judicial notice of these Articles of Incorporation. (See Declaration of Christopher Rhodes, **Exhibit A**). The specific purpose of this corporation is to operate a camp and conference facility under the rules, regulations, and discipline of the Presbyterian Church.

Christopher Rhodes is the executive director of Defendant Westminster Woods and Olivia Longstaff is alleged to have been a school program coordinator at Defendant Westminster Woods. (Dkt. #1, Plaintiffs' Complaint ¶ ¶ 14, 15). Defendant County of Sonoma, California is a political subdivision of the state of California and operates the Sonoma County Sheriff's Department. (Dkt. #1, Plaintiffs' Complaint ¶ 10). Defendants Deputies Joseph L. Ricks and Daniel Ager are sued in their individual capacities and as employees of the County of Sonoma. (Dkt. #1, Plaintiffs' Complaint ¶¶ 12, 13).

The complaint alleges that on November 15, 2019, Plaintiffs were "at the property of Westminster Woods" in Sonoma County, California, to protest the coverup of child molestation by one or more people at Westminster Woods.[1] During this time, Westminster Woods was hosting a fundraising or other event that had dozens of people in attendance. (Dkt. #1, Plaintiffs' Complaint ¶ 20). The complaint alleges that "Christopher Rhodes or Olivia Longstaff wanted to interrupt and stop the protest, so they called the Sonoma County Sheriff's Department to falsely report that Plaintiffs had a gun." (Dkt. #1, Plaintiffs' Complaint ¶ 21). "Defendant Joseph L. Ricks arrived at Westminster Woods and arrested each Plaintiff despite no gun being found at any time. Only one gun was reported, yet Ricks arrested each Plaintiff for possession of the gun." (Dkt. #1, Plaintiffs' Complaint ¶ 22). Deputy Daniel Agar was the supervisor of Ricks. Agar had the ability to intervene in the arrest of each Plaintiff but failed to intervene in their arrest. (Dkt. #1, Plaintiffs' Complaint ¶ 23).

The complaint further alleges that "during the arrest," Ricks touched LaSota inappropriately and sexually. LaSota loudly shouted that she was being sexually assaulted. (Dkt.

---

[1]     Plaintiffs plead no facts to substantiate any factual basis for this inflammatory allegation, but the Court need not reach that issue to resolve this motion.

1    #1, Plaintiffs' Complaint ¶ 24). The Plaintiffs were transported to Sonoma County Jail, which is

2    operated by Sonoma County Sheriff's Department. "While at Sonoma County Jail," each

3    Plaintiff was tortured by Does, specifically each were forced to endure one or more of the

4    following: intentionally deprived of food, water, medication, forced to wear a hood that blocked

5    most sight and hearing at various times as a form of torturous sensory deprivation, stripped

6    naked, and mocked and ridiculed for being transgender. (Dkt. #1, Plaintiffs' Complaint ¶ 25).

7    ## LEGAL ARGUMENT

8    ### I. The Complaint Fails to State Facts to Withstand Dismissal Under FRCP Rule 12(b)(6)

9    "[A] complaint must contain sufficient factual matter ... to 'state a claim to relief that is

10   plausible on its face.' … The plausibility standard ... asks for more than a sheer possibility that a

11   defendant has acted unlawfully." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret*

12   *Service*, 572 F.3d 962, 969 (9th Cir. 2009).) "A pleading that offers 'labels and conclusions' or 'a

13   formulaic recitation of the elements of a cause of action will not do.' … Nor does a complaint

14   suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" (*Iqbal*, 556 U.S. at

15   678; *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555 (2009).) "Threadbare recitals of the elements of a

16   cause of action, supported by mere conclusory statements, do not suffice.…Rule 8…does not

17   unlock the doors of discovery for a plaintiff armed with nothing more than conclusions'" (*Iqbal*,

     556 U.S. at 678-679.)

18       [T]o be entitled to the presumption of truth, allegations in a complaint … may not simply
19       recite the elements of a cause of action but must contain sufficient allegations of underlying
         facts … the factual allegations that are taken as true must plausibly suggest an entitlement to
20       relief, such that it is not unfair to require the opposing party to be subjected to the expense of
         discovery and continued litigation.

21       (*Eclectic Prop.'s East, LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 996. (9th Cir.

22   2014); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Starr v. Baca*,

23   652 F.3d 1202, 1216 (9th Cir. 2011).)   In this case, plaintiffs fail to state facts sufficient to state a

24   claim in their first, second, third, sixth and seventh causes of action against the Religious

25   Defendants.

26   ### II. The First, Second, and Third Causes of Action Are Unsupported by Facts Sufficient to

27   ### State a Claim for a Violation of Constitutional Rights Pursuant to 42 U.S.C. § 1983

28

## A. Defendants Westminster Woods, Christopher Rhodes and Olivia Longstaff Are Private Actors and Did Not Act Under "Color of State Law"

Plaintiffs' first three causes of action are related to alleged violations of Plaintiffs' First, Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Two elements of a § 1983 claim are: (1) deprivation of a federally protected right by, (2) an actor acting under color of state law. 42 U.S.C. § 1983. *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151 (10th Cir. 2016). Here, Plaintiffs fail to state sufficient facts showing that Defendants were acting under "color of state law."

Defendant Westminster Woods is a religious corporation established under the Rules, Regulations and Discipline of the Presbyterian Church in the United States of America and operates a camp and conference facility at 6510 Bohemian Highway, Occidental, Sonoma County, California. Defendant Westminster Woods is a private religious corporation, and its employees are private individuals. Plaintiffs have offered no facts indicating Defendants acted under color of state statute, ordinance, regulation, custom or usage in any conduct in which they engaged. According to the complaint, Westminster Woods and its employees' actions are limited to calling the Sonoma County Sheriff's Department regarding unknown trespassers on its property. The complaint fails to allege any facts indicating that Plaintiffs had permission to be on Defendant's private property, or that Defendants in some way conspired with the Sonoma County Sheriff's Department to seize, torture, or otherwise deprive Plaintiffs of their First Amendment, Fourth Amendment and Fourteenth Amendment rights.

42 USC § 1983, part of the Civil Rights Act of 1871, prohibits the deprivation of any rights guaranteed under the Constitution and laws by any person acting *under color of state or local law*. Because the statute requires governmental involvement ("state action"), it rarely applies in actions against private employers. See *Rendell-Baker v. Kohn* (1982) 457 US 830, 840, 102 S.Ct. 2764, 2770-2771. C. 42 USC § 1983, Cal. Prac. Guide Employment Litigation Ch. 7-C.

When a constitutional claim is asserted against private parties, to be classified as "state actors" under color of law they must be jointly engaged with state officials in the conduct allegedly violating the federal right, such concerted action constituting both the state action

essential to establish a constitutional violation and action under color of state law, custom or usage. 42 U.S.C. § 1983. *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402 (10th Cir. 1987). This concerted action constitutes both the state action essential to establish a constitutional violation, and action under color of state law, custom or usage. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1982).

In the instant case, Plaintiffs do not allege facts from which we might conclude that Plaintiffs arrests resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power. Here, the only allegation alleged against Westminster Woods is that one of its employees called the Sonoma County Sheriff's Department to "falsely report that Plaintiffs had a gun." This allegation does not establish joint action as required under 42 U.S.C. Section 1983, and as a matter, all of Plaintiffs' claims arising under 42 U.S.C. Section 1983 should be dismissed with prejudice.

Additionally, Defendant Sonoma County and its deputies are the only parties to be alleged to have illegally detained, arrested, transported, and incarcerated Plaintiffs in violation of their Fourth and Fourteenth Amendment rights. Plaintiffs' complaint paragraph 22 attributes the arrest and jailing to the Sonoma County Sheriff's Department and its deputies. Defendants Westminster Woods, Rhodes and Longstaff did not take part in any of these acts or otherwise assist the Sheriff's Department's arrest and alleged constitutional violations. Moreover, there is no evidence from the complaint that Westminster Woods or its employees conspired or agreed to arrest, detain, transport, or imprison the Plaintiffs.

To apply the joint action test for determining whether a private party acted under color of state law as required for a § 1983 claim, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights; under conspiracy approach, public and private actors must share a common, unconstitutional goal, and, alternatively, concerted action may be found where there is a substantial degree of cooperative action between state and private officials or if there is overt and significant state participation in the deprivation of a plaintiff's constitutional rights. 42 U.S.C. § 1983. *Schaffer v. Salt Lake City*

1    *Corp.*, 814 F.3d 1151 (10ᵗʰ Cir. 2016).

2        Here, there are no allegations in the complaint of a "meeting of the minds" to deprive the

3    Plaintiffs of their constitutional rights. The gravamen of the complaint is that the Religious

4    Defendants violated Plaintiffs' First Amendment rights to free speech and to protest against

5    activities alleged to have taken place at Westminster Camp. However, Plaintiffs had no First

6    Amendment right to protest on private property. Further, there are no facts stated to support

7    Plaintiffs' that Defendants conspired with the Sonoma County Sheriff's Department or jointly

8    agreed upon the seizure of Plaintiffs in violation of Defendants Fourth Amendment right or to

9    torture the Plaintiffs in violation of their Fourteenth Amendment right.

10        In both *Carey v. Continental Airlines Inc.,* 823 F.2d 1402 (10th Cir.1987), and *Lee v.*

11   *Town of Estes Park,* 820 F.2d 1112 (10th Cir.1987), the District Courts have held that citizens

12   who made complaints to police officers that resulted in arrests were not state actors. *Id.*

13       **B.  Plaintiffs Had No First Amendment Right to Assemble on Private Property**

14       Plaintiffs plead that "…Plaintiffs were at the property of Westminster Woods…During

15   this time Westminster Woods was hosting a fundraising or other event that had dozens of people

16   in attendance." (Dkt. #1, Plaintiffs' Complaint ¶ 20). With limited exceptions, no First

17   Amendment rights exit for conduct on private property. None of the exceptions are applicable

18   here.

19       Under the First Amendment, private individuals do not have an unqualified right to

20   engage in free expression and assembly on private property. (*Hudgens v. NLRB* (1976) 424 U.S.

21   507, 518, 521, 96 S.Ct. 1029, 1037, 47 L.Ed.2d 196 [no First Amendment right to picket a store

22   in a privately owned shopping center]; *Lloyd Corp. v. Tanner* (1972) 407 U.S. 551, 567–570, 92

23   S.Ct. 2219, 2228–2230, 33 L.Ed.2d 131 [no First Amendment right to distribute leaflets at a

24   shopping center when the leafleting is unrelated to the shopping center's business or operation].)

25   However, the very limited circumstances in which individuals might argue for

26   First Amendment rights on private property, primarily relates to where the private property is

27   devoted to public use. (*Marsh v. State of Alabama* (1946) 326 U.S. 501, 506–507, 66 S.Ct. 276,

28   278–279, 90 L.Ed. 265.) Plaintiff has not plead that Westminster Woods is devoted to public use.

Thus, Plaintiffs have failed to plead facts that are sufficient to support a claim for violations of 42 U.S.C. Section 1983 based on (1) failure to state facts to support an act under the color of state law, and (2) the lack of viable First Amendment violations by Defendants giving rise to the cause of action. These claims should be dismissed with prejudice because no amendment can save them.

### III. The Sixth Cause of Action is Unsupported by Facts Sufficient to State a Claim for Violations of the Bane Act Pursuant to Cal Civ. Code § 52.1

Plaintiffs' sixth cause of action alleges violations of the Bane Act. However, Plaintiffs fail to allege facts supporting their claim that the Defendants attempted to interfere through threats, intimidation, or coercion. The only assertion against Defendants was that one or more of its employees called 911. Additionally, as discussed above, the Plaintiffs First Amendment rights do not extend to the private property of Westminster Woods. There are two distinct elements of a California law claim for violations of constitutional and statutory rights: (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion. [*McFarland v. City of Clovis*, 2016 WL 632663 (E.D. Cal. 2016); *Lawman v. City and County of San Francisco*, 159 F. Supp. 3d 1130 (N.D. Cal. 2016)]. There are three elements to pleading a Bane Act claim here: (1) a legal right; (2) threats, Intimidation, or coercion going beyond speech; and (3) interference. *Reinhardt v. Santa Clara Cty.*, No. C05-05143, 2006 WL 3147691, at *7 (N.D. Cal. Nov. 1, 2006)

Plaintiffs allege Defendants intentionally interfered with Plaintiffs rights to free speech, to petition the government, to own property, to equal treatment, and to due process, under the federal and California constitutions. Defendants are alleged to have attempted to and achieved these goals through threats, intimidation, and coercion. Plaintiffs allege Defendants' actions and omissions injured Plaintiffs, and that Defendants' conduct was a substantial factor in causing said harm. (Dkt. #1, Plaintiffs' Complaint ¶ 37). However, Plaintiffs lump all Defendants including Westminster Woods, Rhodes, Longstaff, the County of Sonoma and Sheriff's Deputies Ricks and Ager together as those violating the Bane Act without defining which rights were being violated

-8-

by which Defendant. Moreover, it is unclear which provisions are alleged to be violated pursuant to the Bane Act as alleged.

Plaintiffs failed to plead that Defendants Rhodes or Longstaff instructed the Sonoma County Sheriff's Department to violate any of Plaintiffs' viable Constitutional protections including Plaintiffs' Fourth Amendment or Fourteenth Amendment rights under the United States Constitution.

"The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something she had the right to do under the law or to force the plaintiff to do something that she was not required to do under the law. *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 338, 70 Cal. Rptr. 2d 844, 949 P.2d 941 (1998) (the Bane Act requires "an attempted or completed act of interference with a legal right"); see also *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 120 Cal. Rptr. 2d 550 (1st Dist. 2002)." *§ 3:19. Prohibited conduct: interference or attempted interference by threats, intimidation, or coercion; speech alone insufficient unless it threatens violence, Cal. Civ. Prac. Civil Rights Litigation § 3:19.*

Simply stated, Plaintiffs do not plead sufficient facts showing that Defendants interfered with a constitutional right by threats, intimidation, or coercion other than conjecture and conclusionary statements in Paragraph 37. As stated above, the Sonoma County Sheriff's Department and its Deputies were the only parties to allegedly arrive at the scene, detain, arrest, transport and incarcerate the Plaintiffs. Defendants Westminster Woods and its employees' only alleged act was to call the police. The call to police to "falsely report Plaintiffs had a gun" did not rise to the level of threats, intimidation, or coercion under the statute. No acts are alleged to have threatened the Plaintiffs nor intimidated nor coerced them to leave Westminster Woods property.

Additionally, the only Constitutional protection alleged to have been violated by Westminster Woods and its employees was interference with Plaintiffs First Amendment rights of free speech. As stated above in our discussion of alleged violations of Section1983, Plaintiffs did not have a First Amendment right as trespassers on Defendant's private property. Even

extended to California's right of free speech under California Constitution, article IX, section 2, Plaintiffs did not have the right to assemble or protest on the land of Westminster Woods. Based on Plaintiffs failure to plead that Defendants Westminster Woods, Rhodes or Longstaff were attempting to violate a viable Constitutional protection and did not do so by threat, intimidation or coercion, Plaintiffs has failed to plead a cause of action sufficient to support a claim for violations of the Bane Act pursuant to Cal. Civ. Code § 52.1.

**IV. The Seventh Cause of Action is Unsupported by Facts Sufficient to State a Claim for Violations of the Ralph Act Pursuant to Cal. Civ. Code § 51.7**

California's Ralph Act provides in relevant part that:

All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive. This section does not apply to statements concerning positions in a labor dispute which are made during otherwise lawful labor picketing.

Cal. Civ. Code § 51.7. *Egan v. Schmock*, 93 F. Supp. 2d 1090, 1094 (N.D. Cal. 2000)

An alleged violation of The Ralph Act requires conduct that constitutes "violence, or intimidation by threat of violence." Civ. Code, § 51.7, subd. (a), *Cabesuela v. Browning-Ferris Industries of California, Inc.*, 68 Cal. App. 4th 101, 111, 80 Cal. Rptr. 2d 60, (6th Dist. 1998) construed the Ralph Act to require "actual violence or intimidation by threat of violence" and thus an allegation that the plaintiff "might be subjected to violence" was insufficient.

As stated above Plaintiffs fail to plead that Westminster Woods or its employees performed actual violence or intimidation by threat of violence. Any interpretation of Plaintiff's allegation would be that Plaintiff might have been subject to violence, however, such a characterization is insufficient. A call to the Sheriff's Department does not rise to the level of intimidation by threat of violence as required under the Ralph Act.

The second requirement must show a particular bases of discrimination. Here, Plaintiffs do not allege that Westminster Woods or its employees performed any acts under the basis of discrimination under any protected class under the statute. Based on Plaintiffs failure to plead

1  that Defendants Westminster Woods, Rhodes or Longstaff performed acts of violence or

2  intimidation by threat of violence and that Defendants motivation was based on discrimination,

3  Plaintiffs have failed to plead a cause of action sufficient to support a claim for violations of the

4  Ralph Act pursuant to Cal. Civ. Code § 51.7.

5  **V.  Motion To Strike Pursuant to Federal Rules of Civil Procedure 12(f)**

6         Before responding to a pleading, or if no responsive pleading is permitted, a party may

7  move to strike any "insufficient defense or any redundant, immaterial, impertinent, or

8  scandalous matter." FRCP 12(f); see *Whittlestone, Inc. v. Handi-Craft Co.* (9th Cir. 2010) 618

9  F3d 970, 973-974—allegations to be struck must fit one of specified categories.

10        Rule 12(f) motions are proper when a defense is either (1) insufficient as a matter of law

11 or (2) insufficient as a matter of pleading. [*GEOMC Co., Ltd. V. Calmare Therapeutics Inc.* (2nd

12 Cir. 2019) 918 F3d 92, 98. The Court may use Rule 12(f) to strike prayer for relief that is not

13 available as a matter of law. [See *Tapley v. Lockwood Green Engineers, Inc.* (8th Cir. 1974) 502

14 F2d 559, 560—prayer for wrongful death damages that exceeded maximum permitted by

15 statute; *Susilo v. Wells Fargo Bank, N.A.* (CD CA 2011) 796 F.Supp.2d 1177, 1196. *G. Motion to*

16 *Strike (Rule 12(f)), Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-G*

17     **A.  Plaintiffs Pleading of Punitive Damages is Improper Under Code of Civ. Procedure**

18        **Section 425.14 and Should Be Stricken Pursuant to Rule 12(f)**

19        California Code of Civil Procedure Section 425.14 states:

20  No claim for punitive or exemplary damages against a religious corporation or religious
    corporation sole shall be included in a complaint or other pleading unless the court enters an
21  order allowing an amended pleading that includes a claim for punitive or exemplary damages to
    be filed.
22

23        This statute should be applied in federal court for the same reason the anti-SLAPP law,

24 Code of Civ. Procedure Section 425.16 applies in federal court in relation to motions brought

25 under FRCP 12(f). See *Metabolife Intern., Inc. v. Wornick* (2001) 264 F.3d 832, 839–840

26 [applying California anti-SLAPP statute], citing *Rowe v. Superior Court* (1993) 15 Cal.App.4th

27 1711 [applying procedure for punitive damage claims against religious corporations].)

28        To survive an anti-SLAPP challenge, "…the plaintiff must demonstrate that "the

complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilcox v. Superior Court,* 27 Cal. App. 4th 809, 33 Cal.Rptr.2d at 454, 455 (1994). This burden is "much like that used in determining a motion for nonsuit or directed verdict," which mandates dismissal when "no reasonable jury" could find for the plaintiff. *Id.* At 455 (citing *Rowe v. Superior Court,* 15 Cal.App.4th 1711, 19 Cal.Rptr.2d 625, 632 (1993)). Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or "when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." *Id.* At 457 (citing *Carson v. Facilities Dev., Co.,* 36 Cal.3d 830, 838–39, 206 Cal.Rptr. 136, 686 P.2d 656 (1984)). *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001).

The Ninth Circuit Court of Appeals recognizes California's anti-SLAPP statute. (See U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., inc. (9th Cir. 1999) 190 F.3d 963, 972. The California statute and the federal rules "can exist side by side … each controlling its own intended sphere of coverage without conflict." (*Id.,* quoting *Walker v. Armco Steel Corp.* (1980) 446 U.S. 740, 752, 100 S.Ct. 1978, 64 L.Ed.2d 659.) Further, federal courts should respect California's policy decision to limit punitive damages against religious corporations in an effort to discourage forum shopping.

Similarly, here. Plaintiffs' complaint alleges punitive damages against all Defendants. All references to punitive damages mentioned in ¶¶ 29, 31, 38, 40 and "Request for Relief" ¶ 2 should be stricken. Specifically, the language to be stricken is as follows:

¶ 29 – In committing the acts and omissions alleged above, Defendants acted in a despicable manner; with malice, fraud, or oppression; with extreme indifference   to the rights of Plaintiffs at a level which decent persons should not have to tolerate; and with intent to cause harm to Plaintiffs. Defendants are therefore liable for punitive damages.

¶ 31 - In committing the acts and omissions alleged above, Defendants acted in a despicable manner; with malice, fraud, or oppression; with extreme indifference   to the rights of Plaintiffs at a level which decent persons should not have to tolerate; and with intent to cause harm to Plaintiffs. Defendants are therefore  liable for punitive damages.

¶ 38 - In committing the acts and omissions alleged above, Defendants acted in a despicable manner; with malice, fraud, or oppression; with extreme indifference to the

1

2
rights of Plaintiffs at a level which decent persons should not have to tolerate; and with
intent to cause harm to Plaintiffs. Defendants are therefore liable for punitive damages.

3

4
¶ 40 - In committing the acts and omissions alleged above, Defendants acted in a
despicable manner; with malice, fraud, or oppression; with extreme indifference to the
rights of Plaintiffs at a level which decent persons should not have to tolerate; and with
intent to cause harm to Plaintiffs. Defendants are therefore liable for punitive damages.

5

6
Request for Relief ¶ 2 - For punitive damages in an amount to be proved at trial.

7
Based on Plaintiffs' improper pleading of punitive damages against a religious

8
organization pursuant to California law and its application to federal court, the above paragraphs

9
should be stricken pursuant to FRCP 12(f).

10
**B. Plaintiffs' Complaint ¶ ¶ 42, 43 and 44 Should be Stricken Pursuant to FRCP 12(f)**

11
**Because They Are Impertinent and Scandalous Prejudicing Defendants**

12
"Impertinent" has been defined to include allegations that are not responsive or relevant to

13
issues involved in the action and that could not be admitted as evidence in the action. *Barcher v.*

14
*New York Univ. School of Law* (SD NY 1998) 993 F.Supp. 177, 181.

15
"Scandalous" has been defined to include (i) allegations that "unnecessarily" question a

16
person's moral character; (ii) allegations that cast a "cruelly" derogatory light on a person; and

17
(iii) vulgar or repulsive allegations that diminish the dignity of the court. [*Anderson v. Davis Polk*

18
*& Wardwell LLP* (SD NY 2012) 850 F.Supp.2d 392, 416; *Righthaven LLC v. Democratic*

19
*Underground, LLC* (D NV 2011) 791 F.Supp.2d 968, 977. *G. Motion to Strike (Rule 12(f)),*

20
*Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-G.*

21

22
¶ 42 – Plaintiffs additionally suffered physical injuries due to excessive force and sexual
harassment

23

24
¶ 43 – Plaintiffs additionally suffered loss of liberty while they were arrested and/or in
jail.

25

26
¶44 – Defendants' actions forced Plaintiffs to hire an attorney to represent them in
the underlying criminal matter.
Here, Defendants Westminster Woods, Christopher Rhodes and Olivia Longstaff are not

27
alleged to have personally used excessive force or commit acts of sexual harassment against

28
Plaintiff as alleged in ¶ 42. Further, Defendants did not commit acts of arrest or jailing of the

-13-
**DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE – DEMAND FOR JURY TRIAL -
CASE NO.: 3:21-cv-8854**

Plaintiffs or conspire with the Sonoma County Sheriff's Department and its deputies to commit such acts as alleged in ¶ 43. Both paragraphs rise to the level of scandalous pleadings because they allege that Westminster Woods and its employees were personally carrying out acts of excessive force, sexual harassment, arrest and jailing when that is inconsistent with the earlier pleading that those acts were solely committed by the Sonoma County Sheriff's Department through its deputies. Further ¶ 44 is irrelevant to the underlying matter and meets the standard for impertinence and should be stricken. For those reasons Defendants request an order striking ¶¶ 42, 43 and 44.

## <u>CONCLUSION</u>

Plaintiffs' complaint fails to state sufficient facts in its first, second and third causes of action to support a claim actionable under 42 U.S.C. Section 1983 as to whether the Religious Defendants were acting "under color of state law." Further, Plaintiffs' conduct is alleged to have occurred "at the property of Westminster Woods," and, accordingly, is unprotected.

Additionally, Plaintiffs' sixth and seventh causes of action fail to state a claim upon which relief may be granted because Plaintiffs failed to allege any acts of violence or threats by the Religious Defendants actionable under either the Bane Act or Ralph Act. Theses causes of action also fail due to Plaintiffs' conduct being alleged to have been on private property.  Accordingly, pursuant to Rule 12(b)(6), the Court should dismiss each of the claims asserted against The Religious Defendants. (The 4th and 5th causes of action are not alleged against the Religious Defendants, and, accordingly, Plaintiffs' complaint should be dismissed in its entirety.) All claims against the Religious Defendants should be dismissed with prejudice because no amendment can save them. Moreover, the Court should strike ¶¶ 29, 31, 38, 40 and "Request for Relief" ¶ 2 due to the absence of relief based on punitive damage awards available as alleged by Plaintiff pursuant to Fed R. Civ. Proc. 12(f). Additionally, ¶¶ 42, 43 and 44 should be stricken as scandalous and/or impertinent.

///

///

///

1

**DEMAND FOR JURY TRIAL**

2       Defendants Westminster Woods Camp and Conference Center, a nonprofit religious

3  corporation sued under the name Westminster Woods; Christopher Rhodes, an individual, and

4  Olivia Longstaff, an individual, demand a jury trial on all issues so triable.

5

6  Dated:  March 8, 2022           **BLEDSOE, DIESTEL, TREPPA & CRANE LLP**

7

8

9                By: _____

10                 Richard S. Diestel

                   Nicholas D. Syren

11                 Attorneys for Defendants WESTMINSTER WOODS,

                   CHRISTOPHER RHODES, and OLIVIA LONGSTAFF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE – DEMAND FOR JURY TRIAL -**
**CASE NO.: 3:21-cv-8854**

1

**CERTIFICATE OF SERVICE**

2

I, the undersigned, hereby declare as follows:

3

I am employed in the County of San Francisco, State of California; I am over the age of

4

eighteen years and am not a party to this action; my business address is 180 Sansome Street, Fifth

5

Floor, San Francisco, California 94104, in said County and State.

6

On March 8, 2022, I served the attached document(s):

7
8

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO RULE 12(f) AND DEMAND FOR JURY TRIAL;**

9
10
11

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO RULE 12(f) AND DEMAND FOR JURY TRIAL;**

12
13

**DECLARATION OF CHRISTOPHER RHODES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6); AND**

14
15

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MOTION TO STRIKE RULE 12(f) OF THE FRCP**

16
17

Upon all named counsel of record as follows:

18

Jerold D. Friedman
Law Office of Jerold D. Friedman

19

19744 Beach Blvd., Unit 390
Huntington Beach, CA 92648

20

Telephone No.: (213) 536-1244

21

Email: Jerry@lawofficejdf.com

22
23

☒    **BY ECF (ELECTONIC CASE FILING [ECF]):** I e-filed/e-served the above-detailed documents via ECF pursuant to Federal Rules of Civil Procedure. A copy of this electronic transmission confirmation will be retained with the attached document.

24

25

I certify under penalty of perjury that the foregoing is true and correct. Certificate of

26

Service was executed by the undersigned on March 8, 2022, at San Leandro, California.

27

28

AnnaMaria Escobar