1 Jerold D. Friedman (SBN: 290434)
    jerry@lawofficejdf.com
2 LAW OFFICE OF JEROLD D. FRIEDMAN
19744 Beach Blvd. #390
3 Huntington Beach, CA 92648
Tel: (213) 536-1244
4 Fax: (281) 667-3506

5 Attorney for Plaintiffs
GWEN DANIELSON, EMMA BORHANIAN,
6 JACK LASOTA, and ALEXANDER JEFFREY LEATHAM

## U.S. DISTRICT COURT
## NORTHERN DISTRICT of CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GWEN DANIELSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SONOMA, CALIFORNIA, et al., <br><br> Defendants. | Case No.: 3:21-cv-8854-JCS <br><br> **PLAINTIFFS' OPPOSED NOTICE OF MOTION AND MOTION FOR STAY OF CIVIL ACTION PENDING CRIMINAL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *Hon. Joseph C. Spero* <br><br> Date:   April 22, 2022 <br> Time:  9:30 a.m. <br> Courtroom: F |

//
//
//

# NOTICE

DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2022 at 9:30 a.m. at San Francisco Courthouse, Courtroom F – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 or as soon thereafter as this matter can be heard, Plaintiffs Gwen Danielson, Emma Borhanian, Jack Lasota, and Alexander Leatham ("Plaintiffs"), will and hereby do move this Court to stay this civil action.

This motion is made on the grounds that there is a pending state criminal prosecution of Plaintiffs arising from the November 15, 2019, incident at issue in the Complaint (Doc. No. 1). Pursuant to U.S. Supreme Court precedent, as further discussed in the Memorandum of Points and Authorities below, Plaintiffs' civil action should be stayed pending the outcome of the criminal prosecution.

The instant Motion is based on this notice, the Memorandum of Points and Authorities below, the supporting Declaration of Jerold D. Friedman, Plaintiffs' Request for Judicial Notice, and such further evidence and oral argument as may be presented at the hearing on this matter.

Dated: March 13, 2022          By:
                                   */s/ Jerold D. Friedman*
                                   Jerold D. Friedman
                                   Attorney for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT AND ISSUES TO BE DECIDED

Plaintiffs respectfully request that the Court stay this civil action pending the resolution of their state criminal prosecution for violations of California Penal Code §§ **182(a)(1)** (Felony Conspiracy to Commit a Crime), **148(a)(1)** (Misdemeanor Resist, Obstruct, Delay a Peace Officer), **185** (Misdemeanor Wearing a Mask for an Unlawful Purpose), **602(k)** (Misdemeanor Trespass with Intent to Interfere), **273a(b)** (Misdemeanor Cruelty to Child by Inflicting Injury), and **236** (Misdemeanor False Imprisonment). This is the sole issue to be decided in this motion.

Plaintiffs' pending state criminal prosecution arises out of the same November 15, 2019, arrest and pretrial detention incident at issue in this civil action. Based on *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny, as well as the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine, a stay of this civil action is warranted to prevent a collateral attack on the criminal proceedings, including pretrial motions and potential convictions, in this civil forum.

## II. PROCEDURAL HISTORY

On November 15, 2021, Plaintiffs filed their civil action against two Sonoma County deputies, the respective County agency, and private nongovernmental Defendants based on their false allegations of criminal conduct, an exaggerated response to the false allegations, and torture while Plaintiffs were held in County jail before trial.

On March 8, 2022, the private Defendants (Westminster Woods, Charles Rhodes, and Olivia Longstaff) filed a motion to dismiss (Doc. No. 23), <u>which is now pending</u>.

## III. RELEVANT FACTS

In their Complaint, Plaintiffs allege that they protested child molestation by one or more people at Westminster Woods during a fundraising event at their facility (Complaint ¶ 20), Defendants

Christopher Rhodes or Olivia Longstaff falsely reported that Plaintiffs had a gun solely to interrupt Plaintiffs' protest (*id*. ¶ 21), no gun was found but Defendant Deputy Ricks arrested Plaintiffs nonetheless (*id*. ¶ 22) while Defendant Deputy Agar supervised the false arrest, had a duty to intervene, but failed to intervene (*id*. ¶ 23). Plaintiffs were transported to Sonoma County Jail where they deprived of food, water, and medication, hooded for sensory deprivation, and stripped naked, in violation of their constitutional rights (*id*. ¶ 25).

## IV. ARGUMENT

**A. This Civil Action Should Be Stayed per the Mandate of *Heck v. Humphrey***

*Heck v. Humphrey*, 512 U.S. 477 (1994) mandates that a civil rights action under 42 U.S.C. § 1983 be dismissed "when a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or sentence that has not already been invalidated." In other words, to recover damages under Sec. 1983, a plaintiff must prove that a sentence or conviction has been reversed, expunged, declared invalid, or called into question by a writ of *habeas corpus*, when that conviction is directly tied to issues in the civil case. Where a plaintiff's civil claims are "related to rulings that will likely be made in a pending or anticipated criminal trial… it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case… is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (interpreting *Heck* in this manner).

In the instant action, Plaintiffs' civil claims implicate rulings that are likely to be made in their pending state criminal proceedings. In their Complaint, Plaintiffs claim that the deputies conducted an unlawful arrest to disrupt a lawful protest. Per the felony complaint filed four days later (Exhibit A), Plaintiffs are alleged to have violated a litany of misdemeanor laws including false imprisonment and child endangerment, wearing a mask to conceal their identities in commission of a crime, and criminal conspiracy. Of note, no gun was found or alleged to have been seen by the several deputies who

responded to the private Defendants' call. The important issues of whether the arrest of the Plaintiffs was lawful or not will likely be resolved through the state criminal proceedings. Specifically, these issues will likely be litigated through motions to suppress and/or *in limine* and pretrial hearings in the criminal case where the state judge will rule. Thus, Plaintiffs should not be permitted to preemptively challenge such criminal rulings in this civil action.

Additionally, failure to stay this action pending the outcome of Plaintiffs' criminal prosecution could potentially create inconsistent criminal and civil findings based on the same incident. For example, a criminal jury could convict Plaintiffs of wearing masks to conceal their identities in the commission of a crime, yet a civil jury could find that Plaintiffs wore masks as a lawful exercise of their First Amendment rights. A civil verdict in Plaintiffs' favor could thus call into question the evidentiary basis of any guilty criminal conduct. This is exactly what the *Heck* court sought to prohibit out of concern for judicial finality and consistency. If the lawfulness of the Defendants' actions is upheld in the state criminal proceedings, then *Heck* bars Plaintiffs from collaterally attacking those same constitutional issues in this civil rights action. In other words, should Plaintiffs' criminal prosecution establish the lawfulness of the events of November 15, 2019, Plaintiffs would not be permitted to argue the opposite in this civil forum.

**B. The *Younger* Abstention Doctrine Also Mandates that This Civil Action Be Stayed**

The U.S. Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43–45 (1971) has observed that over the years, Congress has manifested an intent to permit state courts to try state cases free from federal interference due to the constraints of equity jurisdiction and the concern for comity in our federal system. This includes ongoing criminal prosecutions. In the Ninth Circuit, a *Younger* abstention is appropriate if "(1) there are ongoing judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise

federal questions." *Dubinka v. Judges of the Superior Court of the State of California*, 23 F.3d 218, 223 (9th Cir. 1994).

In the instant case, the first requirement of *Younger* as articulated by *Dubinka* is met because there is an ongoing criminal proceeding against Plaintiffs in Sonoma County Superior Court (*see* Felony Complaint, Exhibit A).

The second requirement of Younger is also satisfied because state criminal prosecutions implicate important state interests. *Juidice v. Vail*, 430 U.S. 327, 334 (1977). "[T]he enforcement of criminal laws has been deemed an important state interest" *Rivas v. California Franchise Tax Bd.*, 619 F.Supp. 2d 994, 1005 (E.D. Cal. 2008). Cal. Gov. Code § 945.3 specifically provides that:

> "No person charged by … complaint … charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court."

Thus, by California state statute, Plaintiff is not permitted to bring a civil action for damages against any peace officer or public entity involved in the November 15, 2019, incident so long as the state criminal charges against Plaintiffs are pending.

Finally, the third requirement of *Younger* is also satisfied because Plaintiffs will have an adequate opportunity in the criminal case to litigate federal claims of false arrest. Specifically, Plaintiffs and their criminal defense attorneys, which they have a constitutional right to, will have the opportunities to raise these claims through motions to suppress and/or *in limine* and at pretrial hearings. Plaintiffs not only has these opportunities to do so, but they have a great incentive to do so as the state judge's rulings are expected to favor Plaintiffs and result in dropped charges, a directed verdict in favor of Plaintiffs, or a verdict of not guilty. For these reasons, the *Younger* abstention

doctrine mandates that this civil action be stayed in all respects until Plaintiffs' criminal case arising from the same November 15, 2019 incident in this civil rights case is finally resolved.

## V. CONCLUSION

Based on the specific and common facts underlying Plaintiffs' civil action and criminal proceedings, as well as the weight of authority in this Circuit and California statute, a stay pending the result of the criminal proceedings is appropriate. For these reasons, Plaintiffs move the Court to stay the civil action pending said resolution of state criminal prosecution.

Dated: March 13, 2022

By:
    */s/ Jerold D. Friedman*
    Jerold D. Friedman
    Attorney for Plaintiffs

## CERTIFICATE OF CONFERENCE

I, Jerold D. Friedman, certify that on March 8 and March 10, 2022, I discussed Plaintiffs' desire to move for a stay pending the criminal prosecution. Counsel for Defendants Westminster Woods, Charles Rhodes, and Olivia Longstaff indicated that they are opposed. Counsel for County of Sonoma, Deputy Agar, and Deputy Ricks indicated that they are unopposed. Therefore, this motion is deemed opposed.

By:
    */s/ Jerold D. Friedman*
    Jerold D. Friedman