Richard S. Diestel, SBN: 095059
Nicholas D. Syren, SBN: 334807
**BLEDSOE, DIESTEL, TREPPA & CRANE LLP**
180 Sansome Street, Suite 500
San Francisco, California 94104-3710
Telephone:    (415) 981-5411
Facsimile:    (415) 981-0352

Attorneys for Defendants
WESTMINSTER WOODS CAMP AND
CONFERENCE CENTER, a nonprofit religious
Corporation sued under the name Westminster Woods;
CHRISTOPHER RHODES, an individual and OLIVIA
LONGSTAFF, an individual

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN DANIELSON, EMMA BORHANIAN, JACK LASOTA, ALEXANDER LEATHAM,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF SONOMA, CALIFORNIA, a California Subdivision; WESTMINSTER WOODS, an unknown business entity; DEPUTY JOSEPH L. RICKS, DEPUTY DANIEL AGER, each in their individual capacity; CHRISTOPHER RHODES; OLIVIA LONGSTAFF and Does 1-10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-8854-JCS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR STAY OF CIVIL ACTION PENDING CRIMINAL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. Joseph C. Spero<br><br>Date:    April 22, 2022<br>Time:    9:30 a.m.<br>Courtroom: F |

This Memorandum of Points and Authorities is brought in Opposition to Plaintiffs' Motion for Stay of Civil Action Pending Criminal Action. (*Docket #27*). This instant opposition is based on the Memorandum of Points and Authorities below and such further evidence and oral argument as may be presented at the hearing on this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT AND ISSUES TO BE DECIDED

Defendants WESTMINSTER WOODS CAMP AND CONFERENCE CENTER, CHRISTOPHER RHODES, and OLIVIA LONGSTAFF (hereinafter "Defendants" or "non-governmental Defendants") respectfully request this Court deny Plaintiffs' request to stay this civil action pending the resolution of their state criminal prosecution for violations of the California Penal Code. Specifically, the non-governmental Defendants request that the Court hear and decide their motion to dismiss pursuant to Rule 12(b)(6) before granting a stay of this civil action. (See **Exhibit A**, *Defendants' Motion to Dismiss*).  Defendants do not object to a stay of the civil action after their 12(b)(6) motion to dismiss is decided. This is the sole issue to be decided in this opposition.

Although the criminal prosecution and civil action arise out of the same facts, the Court pursuant to *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989) should review five factors according to the case itself in determining whether a stay is appropriate. When considering the factors in *Molinaro*, there is little if any prejudice to Plaintiffs in deciding the non-governmental Defendants' 12(b)(6) motion to dismiss prior to ruling on Plaintiffs' motion to stay, but, on the other hand, Defendants will be substantially prejudiced if their 12(b)(6) motion is not decided first. A decision on Defendants' motion to dismiss is proper because a determination of the 12(b)(6) motion is based on the facts as alleged in the complaint without introducing any factual evidence which arguably could be prejudicial to Plaintiffs. Additionally, a stay would be indefinite as the criminal prosecution is indeterminant in length, compelling Defendants' involvement in elongated and expensive litigation. Further, deciding a motion to dismiss promptly is a proper use of judicial resources.

## II. ARGUMENT

**A. There is No Requirement That the Present Civil Action Should be Stayed**

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Molinaro,* 889 F.2d 899, 902; *Securities & Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C.Cir.), *cert. denied,* 449 U.S. 993 (1980). "In the

absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Dresser,* 628 F.2d at 1374. "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.' " *Id.* at 1375 (quoting *United States v. Kordel,* 397 U.S. 1, 12 (1970)). The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Plaintiffs have failed to establish a need for a stay in this situation.

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Molinaro,* 889 F.2d at 902. Specifically, the Court must consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.*

Generally, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 903. *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995).

**(1). Interests of Plaintiffs and Potential Prejudice to Plaintiffs of a Delay**

Here, Plaintiffs filed the present civil lawsuit on November 15, 2021. (see Docket #1). Plaintiffs themselves requested a stay as outlined in their Motion to Stay. (see Docket #27). Plaintiffs' note in their motion that a stay is warranted to prevent a collateral attack on the criminal proceedings in this civil action. (See *Mot. To Stay*, p. 3, l. 13-15). However, a determination of Defendants' current motion to dismiss does not provide a basis for a collateral attack on the criminal proceedings as described by Plaintiff in *Heck v. Humphrey,* 512 U.S. 477 (1994).

The non-governmental Defendants are not opposing the stay of the civil action but are requesting the Court determine non-governmental Defendants' 12(b)(6) motion to dismiss first.

The basis for staying the civil action is to prevent inconsistent rulings and introduction of evidence that would be prejudicial to Plaintiffs in their pending criminal action. However, that rationale does not apply here because we are asking that the Court decide the 12(b)(6) action first which does not involve the introduction of any evidence, nor does it involve any ruling that would be prejudicial to the criminal prosecution against Plaintiffs.

A 12(b)(6) motion to dismiss is a review of the complaint's claims to determine whether the claims presented as true could provide relief to Plaintiffs in the civil case. In this case the determination of the motion to dismiss is related only to the non-governmental Defendants. The governmental Defendants' claims are not the subject of the motion to dismiss. The non-governmental Defendants contend that a determination of the 12(b)(6) motion to dismiss will not prejudice Plaintiffs because (1) the determination will not provide a basis for a collateral attack, (2) Plaintiffs' fifth amendment rights will not be implicated, and (3) No discovery or evidence will be conducted, nor evidence introduced in deciding the motion to dismiss. If the 12(b)(6) motion is decided in favor of Plaintiffs, the non-governmental Defendants do not object to the civil action being stayed.

In this case the determination of the non-governmental Defendants' motion to dismiss centers on the claim outlined in paragraph 21 in Plaintiffs' complaint. According to paragraph 21 the non-governmental Defendants called the Sheriff's office and falsely reported Plaintiffs had a gun with the intention to stop a protest on the non-governmental Defendants' property. (*Docket #1*, ¶ 21). No other facts in the complaint are alleged against the non-governmental Defendants' including the detention, arrest, transportation, incarceration, or treatment of the Plaintiffs. A determination that a call to the Sheriff's office does not rise to a First-Amendment constitutional violation against the non-governmental parties does not provide an avenue for a collateral attack in the pending criminal action.

Plaintiffs further argue that "Plaintiffs should not be permitted to preemptively challenge such criminal rulings in the civil action." (See *Mot. To Stay*, p. 5, l. 5-6). As stated above, a determination for a 12(b)(6) motion to dismiss takes all of Plaintiffs claims as true and does not contradict any factual findings in the parallel criminal action. The separate acts of the peace

-4-
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR STAY OF CIVIL ACTION PENDING CRIMINAL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT HEREOF**
3:21-CV-8854

officers are not implicated in a decision of a 12(b)(6) motion to dismiss of the non-governmental Defendants.

Plaintiffs state in their motion to stay that: "The important issues of whether the arrest of the Plaintiffs was lawful or not will likely be resolved through the state criminal proceedings. Specifically, these issues will likely be litigated through motions to suppress and/or in limine and pretrial hearings in the criminal case where the state judge will rule… Additionally, failure to stay this action pending the outcome of Plaintiffs' criminal prosecution could potentially create inconsistent criminal and civil findings based on the same incident." (See *Dk #27*, *Motion to Stay* p. 5, l. 1-8).

However, the issue of whether the arrest was lawful or not is irrelevant to the determination of the non-governmental Defendants' motion to dismiss. The sole issue to determine the motion to dismiss is whether calling the Sheriff and falsely reporting the protestors were armed violates Plaintiffs' 42 U.S.C. Section 1983 Constitutional rights. A decision on a 12(b)(6) motion to dismiss takes all facts alleged in the complaint as true but would not determine those facts to be true and correct. The determination of the 12(b)(6) motion to dismiss would only determine the lawfulness of the alleged facts taken as true in a civil action. Further, the dismissal would be based on a lack of liability in a civil action for the non-governmental Defendants but does not dismiss the case against the governmental defendants. The legality of the ensuing arrests and treatment of Plaintiffs by the peace officers is not before the Court in the 12(b)(6) motion to dismiss. Thus, any findings in the 12(b)(6) motion to dismiss does not provide a basis for a collateral attack on the criminal proceeding and would not provide inconsistent findings from the civil or criminal proceedings.

Plaintiffs also cite *Younger v. Harris*, 401 U.S. 37 (1971) as controlling in this situation. However, a decision on the non-governmental Defendants' 12(b)(6) motion to dismiss does not trigger an abstention as outlined in *Younger*. Abstention is a principle that prohibits the federal courts from interfering into a state court's authority to enforce its laws. *Younger 401* U.S. 37, 39. There is no fear of inconsistent rulings, as the acts of the peace officers are separate from the non-governmental Defendants. Additionally, Plaintiffs are the party that brought this lawsuit for

damages and is the proponent of a stay. Thus, there is no requirement or incentive for the Court to wait on that decision until the criminal prosecution has concluded.

Moreover, in determining the motion to dismiss Plaintiffs' fifth amendment rights against self-incrimination are not implicated. Thus, Plaintiffs do not face any prejudice in the determination of the motion to dismiss. Additionally, in determining the motion to dismiss Plaintiffs are not required to respond to discovery of any kind including depositions, document requests or responses to written questions. There is no burden on Plaintiff to have the motion to dismiss determined by this Court before a stay is decided.

**(2). The Burden on Defendants**

Defendants bear the burden based on the indeterminate conclusion of the criminal proceedings against Plaintiffs. Plaintiffs have not outlined the amount of time the criminal prosecution will take to conclude, and whether the indeterminate time will include appeals and writs potentially taking months or even years to conclude. Generally, "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Thus, this factor weighs heavily in favor of the Defendants who bear the burden of elongated and expensive litigation costs over time. When taken in tandem with the lack of prejudice to Plaintiffs the first two factors overwhelmingly favor the non-governmental Defendants.

**(3). Judicial Efficiency**

A determination of Defendants' motion to dismiss before deciding the motion to stay is a proper use of judicial resources that can determine the legal basis of the complaint without the need for discovery and evidence. This determination would potentially determine in finality the case against the non-governmental Defendants without the need for further litigation. Thus, a determination of the case against the non-governmental Defendants would save the court and parties valuable resources by granting a motion to dismiss and significantly favors Defendants in this case.

///

**(4). Interests of Persons Not Parties to Civil Litigation**

The interests of persons not parties to the civil litigation are negligible and do not heavily favor any one party. Arguably the interests of attendees, sponsors and employees of Defendant Westminster Woods have an interest in a swift determination of the civil lawsuit without fear of elongated litigation.

**(5). Interests of the Public**

The interests of the public in the pending civil and criminal litigation also appear negligible and do not favor any one party in this action.

## II. CONCLUSION

The Court has discretion to determine whether a stay is appropriate in this case. After a review of the *Keating* factors, the prejudice against is Plaintiffs minimal and is heavily outweighed by the prejudice facing the non-governmental Defendants. No authority cited by Plaintiffs is controlling for a stay to apply in this case. Therefore, Defendants respectfully request this Court to deny Plaintiffs' Request to Stay the Civil Proceedings to ensure that Defendants' motion to dismiss may be heard first in the interests of justice.

Dated: March 28, 2022         **BLEDSOE, DIESTEL, TREPPA & CRANE LLP**

By: _/s/ Richard S. Diestel_
Richard S. Diestel
Nicholas D. Syren
Attorneys for Defendants WESTMINSTER WOODS CAMP AND CONFERENCE CENTER, a nonprofit religious Corporation sued under the name Westminster Woods; CHRISTOPHER RHODES, an individual and OLIVIA LONGSTAFF, an individual

# CERTIFICATE OF SERVICE

I, the undersigned, hereby declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 180 Sansome Street, Fifth Floor, San Francisco, California 94104, in said County and State.

On March 28, 2022, I served the attached document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR STAY OF CIVIL ACTION PENDING CRIMINAL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND**

**DEFENDANTS' PROPOSED ORDER DENYING PLAINTIFFS' MOTION TO STAY CIVIL ACTION PENDING CRIMINAL PROCEEDINGS**

Upon all named counsel of record as follows:

Jerold D. Friedman
Law Office of Jerold D. Friedman
19744 Beach Blvd., Unit 390
Huntington Beach, CA  92648
Telephone No.: (213) 536-1244
Email: Jerry@lawofficejdf.com

☒ **BY ECF (ELECTONIC CASE FILING [ECF]):** I e-filed/e-served the above-detailed documents via ECF pursuant to Federal Rules of Civil Procedure.  A copy of this electronic transmission confirmation will be retained with the attached document.

I certify under penalty of perjury that the foregoing is true and correct.  Certificate of Service was executed by the undersigned on March 28, 2022, at San Leandro, California.

AnnaMaria Escobar