UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN DANIELSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 21-cv-08854-JCS<br><br>**ORDER REGARDING MOTION TO STAY AND MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 23, 27 |

## I.      INTRODUCTION

Plaintiffs Gwen Danielson, Emma Borhanian, Jack Lasota, and Alexander Leatham bring claims in this case based on their purportedly false arrest by Sonoma County sheriff's deputies (Joseph Ricks and Daniel Ager—collectively with Sonoma County, the "County Defendants") after a purportedly false complaint by Defendants Westminster Woods, Christopher Rhodes, and/or Olivia Longstaff (the "Westminster Defendants").  Plaintiffs now move to stay the case based on criminal charges that have been filed against them related to the arrests at issue.  The County Defendants do not oppose the stay.  The Westminster Defendants oppose the stay for the limited purpose of resolving their pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but do not oppose a stay of further proceedings if the Court were to deny the motion to dismiss.

The Court finds the matter suitable for resolution without oral argument, and VACATES the hearing and case management conference previously set for April 22, 2022.  A status conference will occur on August 19, 2022 at 2:00 PM.

For the reasons discussed below, Plaintiffs' motion to stay is GRANTED.  The Westminster Defendants' motion to dismiss is DENIED as moot, without prejudice to any

argument they might raise after the stay is lifted.[1]

## II. BACKGROUND

Plaintiffs allege that on November 15, 2019, the Westminster Defendants falsely reported to the Sonoma County Sheriff's Department that Plaintiffs had a gun, in order to disrupt Plaintiffs' protest at the Westminster Woods property regarding an alleged coverup of child molestation. Compl. (dkt. 1) ¶¶ 20–21. According to Plaintiffs' complaint, the County Defendants arrested each plaintiff for possession of a firearm, despite only one gun being reported and no gun being found. *Id.* ¶ 22. Plaintiffs allege they were mistreated during and after their arrests. *Id.* ¶¶ 24–25. Plaintiffs assert claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and California's Bane Act and Ralph Act. *Id.* ¶¶ 26–40. Except for two claims addressing only liability by the County of Sonoma (the ADA claim and a *Monell* claim), Plaintiffs' claims generally do not distinguish among the various defendants, instead referring generally to misconduct by "Defendants." *See id.*

On November 10, 2019, Plaintiffs were charged in state court with felony conspiracy "to commit the crime[s] of Trespass, False Imprisonment, Child Abuse, Resisting Arrest, and Wearling Masks to Avoid Identification," as well as related misdemeanors. Friedman Decl. (dkt. 27-1) Ex. A (felony complaint) at 1–2.[2] Plaintiffs' complaint, filed in November of 2021, acknowledged the pending criminal charges, stating that "Plaintiffs seek a stay of this civil action until the underlying criminal matter has resolved" and "will seek to amend this complaint after the underlying criminal matter resolves." Compl. ¶ 5.

After some delays in all defendants being served, the Westminster Defendants moved on March 8, 2022 to dismiss all claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike certain factual allegations and Plaintiffs' prayer for punitive damages under Rule 12(f) and section 425.14 of the California Code of Civil Procedure. Mot. to Dismiss

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

[2] The child abuse allegation in the criminal complaint appears to be based on allegations that Plaintiffs' conduct "caused 18 elementary school children present on the property to be directed to shelter in place for a possible active shooter," resulting in "unjustifiable physical pain and mental suffering." Friedman Decl. Ex. A at 2.

2

(dkt. 23). On March 12, 2022, Plaintiffs moved to stay the case pending the resolution of the criminal charges against them. Mot. to Stay (dkt. 27). Four days later, the County Defendants filed a statement of non-opposition to the motion to stay, dkt. 29, and Plaintiffs and the County Defendants filed a stipulation to allow Plaintiffs twenty-one days from the date the requested stay is denied or lifted to file an amended complaint, and to allow the County Defendants twenty-one days from the filing of the amended complaint to answer or otherwise respond, dkt. 28. The Court granted that stipulation. Dkt. 30.[3] The Court also stayed briefing on the motion to dismiss pending the outcome of the motion to stay. Dkt. 32.

Plaintiffs argue that the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars § 1983 claims where success by the plaintiff would imply the invalidity of a state court criminal conviction, favors a stay in this case, because the validity of their arrests is at issue in both this action and the criminal charges pending against them in state court. Mot. to Stay at 4–5. They also contend that the *Younger* abstention doctrine applies because the ongoing criminal proceedings implicate important state interests and will address some of the same questions at issue in this case, including the validity of Plaintiffs' arrests. *Id.* at 5–7.

The Westminster Defendants argue that there is no requirement to stay a civil action pending the outcome of criminal proceedings, and that the relevant factors do not favor a stay here. *See generally* Opp'n (dkt. 33). The Westminster Defendants assert that their requested limited exception to the stay—to adjudicate only their 12(b)(6) motion—would not prejudice Plaintiffs because resolution of whether Plaintiffs can state a viable First Amendment claim against the Westminster Defendants for calling the Sheriff's Department would have no collateral effect on the criminal case and would not implicate Plaintiffs' Fifth Amendment rights against

---

[3] That filing states that the relief requested "IS HEREBY STIPULATED by and between the parties hereto," without addressing the fact that the Westminster Defendants did not join in the request. While the Westminster Defendants likely have no significant interest in the deadline for the County Defendants to answer, they are affected by the timing of Plaintiffs' amended complaint. Plaintiffs and the County Defendants are admonished that, absent joinder by the Westminster Defendants, the request to extend time for an amended complaint should have been presented as an administrative motion under Civil Local Rule 6-3 rather than a stipulation. *See* Civ. L.R. 7-12 (requiring stipulations to be "signed by all affected parties or their counsel"). That said, the Court stands by its decision to grant the relief requested in the stipulation.

self-incrimination. *Id.* at 3–4. They contend that *Younger* abstention does not apply because a resolution of that issue would not interfere with the criminal prosecution. *Id.* at 5–6.

Defendants argue that they would be burdened by a stay because it would delay resolution of the case against them, but do not identify any specific prejudice as a result of such delay:

> Defendants bear the burden based on the indeterminate conclusion of the criminal proceedings against Plaintiffs. Plaintiffs have not outlined the amount of time the criminal prosecution will take to conclude, and whether the indeterminate time will include appeals and writs potentially taking months or even years to conclude. Generally, "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Thus, this factor weighs heavily in favor of the Defendants who bear the burden of elongated and expensive litigation costs over time. When taken in tandem with the lack of prejudice to Plaintiffs the first two factors overwhelmingly favor the non-governmental Defendants.

*Id.* at 6. They argue that judicial efficiency also favors an early resolution, and that the interests of non-parties and the public are negligible. *Id.* at 6–7.

Plaintiffs contend in their reply that the Court should follow other district court decisions granting stays based on the potential effect of a criminal conviction under *Heck*, as interpreted by *Wallace v. Kato*, 549 U.S. 384 (2007), without applying the multi-factor test more often used where a *defendant* facing criminal charges seeks a stay. Reply (dkt. 35) at 4 (citing, *e.g.*, *Capanis v. Bianucci*, No. 15-cv-01457-SI, 2017 U.S. Dist. LEXIS 76061 (N.D. Cal. May 18, 2017) (lifting a stay and dismissing a case after the plaintiff's criminal case resulted in a conviction); *Burgos v. Superior Court*, No. 16-cv-03908-DMR (PR), ECF Doc. No. 10 (N.D. Cal. June 5, 2017) (same)). They also argue that even if the Court applies the multi-factor balancing test, Plaintiffs' Fifth Amendment rights are implicated by proceeding with a challenge to the pleadings, because their preferred response to the motion to dismiss would be an amended complaint rather than a defense of their current complaint. *Id.* at 5–6. Plaintiffs contend that there is no particular urgency weighing against that interest, and argue that proceeding on the claims against the Westminster Defendants while staying the case against the County Defendants would be inefficient. *Id.* at 6–8. Plaintiffs agree with the Westminster Defendants that any interests of nonparties or the public are minimal, although they assert that the absence of such interests favors a stay. *Id.* at 8.

4

Following the filing of the Westminster Defendants' opposition brief, the Court instructed Plaintiffs to address in their reply whether they believe their claims against the Westminster Defendants would survive if Plaintiffs are convicted on their criminal charges. Dkt. 34. Plaintiffs state in their reply that they "are unclear why the Court asked them to brief" that issue, Reply at 7, but argue that their claims against the Westminster Defendants would remain viable despite any criminal convictions because *Heck* applies only to claims under § 1983, which lie only against state actors, *id.* at 3. Plaintiffs clarify in their reply that they intend to pursue only their Ralph Act and Bane Act claims against the Westminster Defendants. *Id.*

## III. ANALYSIS

### A. Legal Standard

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings," but "a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (cleaned up). Courts considering such a request consider "the extent to which the [party's] fifth amendment rights are implicated," as well as the following factors:

> (1) the interest of the [party opposing a stay] in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to [that party] of a delay; (2) the burden which any particular aspect of the proceedings may impose on [the party seeking the stay]; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325 (citation and internal quotation marks omitted).

While motions implicating this standard are more typically brought where a civil defendant also faces criminal charges, courts have applied the same standard where a plaintiff is potentially burdened by pending criminal charges. *E.g.*, *Hunt v. Diaz*, No. 1:19-cv-00504-DAD-SAB (PC), 2020 WL 8465095 (E.D. Cal. Oct. 30, 2020) (granting a defendant's motion to stay based on concurrent criminal charges against the plaintiff); *Fed. Sols. Grp. v. H2L1-CSC*, No. 4:17-cv-05433-KAW, 2019 WL 2525078 (N.D. Cal. June 19, 2019) (denying a motion to stay because the

5

1    plaintiff itself, as a corporate entity, had no rights under the Fifth Amendment, and there was
2    minimal factual overlap between the subject matter of the civil case and criminal prosecutions of
3    the plaintiff's employees).
4        The Supreme Court has endorsed the common practice of staying cases related to a
5    plaintiff's arrest pending the conclusion of criminal charges against the plaintiff that could
6    ultimately bar such a claim under *Heck*, noting that "[i]f a plaintiff files a false-arrest claim before
7    he has been convicted (or files any other claim related to rulings that will likely be made in a
8    pending or anticipated criminal trial), it is within the power of the district court, and in accord with
9    common practice, to stay the civil action until the criminal case or the likelihood of a criminal case
10   is ended." *Wallace*, 549 U.S. at 393–94 (rejecting an argument that *Heck* bars "an action which
11   would impugn *an anticipated future conviction* . . . until that conviction occurs and is set aside"
12   and tolls the statute of limitations for the civil claim while a criminal prosecution is contemplated).

### B. *Heck*, *Wallace*, and *Younger* Do Not Categorically Compel a Stay

14       Plaintiffs contend that *Heck* and *Wallace* require a stay under these circumstances and
15   supersede the balancing test of *Keating*. Neither of those cases held that a stay is ever required.
16   *Heck* did not address the issue at all, holding only that a § 1983 claim inconsistent with an existing
17   criminal conviction must be dismissed, 512 U.S. at 87, and *Wallace* merely noted in passing that
18   courts can and often do stay § 1983 claims that would be subject to *Heck* if pending charges
19   resulted in a conviction, 549 U.S. at 393–94. None of the district court cases Plaintiffs cite
20   addressing stays under *Wallace* held that such a stay is mandatory. *See Carrillo v. County of
21   Santa Cruz*, No. 20-cv-06973-BLF, 2021 WL 796335, at *5 (N.D. Cal. Mar. 2, 2021); *Tran v.
22   Kuehl*, No. 03:16-CV-00707-AC, 2018 WL 3849779, at *4 (D. Or. Aug. 13, 2018); *Capanis*, 2017
23   U.S. Dist. LEXIS 76061; *Burgos*, No. 16-cv-03908-DMR (PR), ECF Doc. No. 10.
24       Even assuming for the sake of argument that the logic of *Wallace* requires such a stay
25   when a § 1983 claim would be barred by *Heck* in the event of a conviction on pending charges,
26   Plaintiffs make clear in their reply that they do not intend to proceed on § 1983 claims against the
27   Westminster Defendants, and argue that their state law claims against those defendants would *not*
28   be subject to *Heck* or otherwise undermined by a criminal conviction. Reply at 3. Since

*Wallace*'s discussion of the common practice of staying civil cases pending the resolution of criminal charges is bound up with the potential *Heck* effect of a conviction, it does not specifically speak to the use of such a stay where—at least according to Plaintiffs—a criminal conviction would *not* affect the civil claims at issue.

As for *Younger*, abstention under that doctrine is appropriate only when four elements are satisfied:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (cleaned up). Plaintiffs have not argued that the limited proceedings the Westminster Defendants seek to pursue—resolution of a motion to dismiss under Rule 12(b)(6)—could "ha[ve] the practical effect of enjoining the ongoing state judicial proceeding." *See id.* Accordingly, *Younger* abstention provides no basis to stay that motion.

### C. The Parties' Relative Interests Favor a Stay

While a stay is not *required* in this case for the reasons discussed above, the Court holds as a matter of discretion that a stay is appropriate. Plaintiffs have stated from the outset of this case that they intended to amend their complaint after the resolution of their criminal charges. *See* Compl. ¶ 5. In light of the federal courts' liberal policy of amendment, and the fact that the time to amend by right under Rule 15(a)(1)(B) had not expired when the Court stayed briefing on the Westminster Defendants' motion to dismiss, the Court would grant Plaintiffs leave to amend rather than requiring them to defend their original complaint. In granting Plaintiffs' and the County Defendants' stipulation extending time for an amended complaint, the Court has in fact already done so. But any amended complaint providing greater detail as to the circumstances of Plaintiffs' arrest, as might be necessary to survive a motion to dismiss,[4] would require them to

---

[4] This order does not reach the questions of whether any amendment either would be necessary or could be sufficient to overcome the arguments raised in the Westminster Defendants' motion, and should not be construed as implying any opinion on those issues.

7

1  speak to circumstances closely intertwined with the criminal charges against them.

2        The Ninth Circuit has recognized that "whether the criminal defendant's Fifth Amendment
3  rights may be implicated by the civil proceedings" is an appropriate consideration in deciding
4  whether to stay a civil case. *Hunt*, 2020 WL 8465095, at *2 (citing *Keating*, 45 F.3d at 324).
5  Here, given the posture of the case and the limited proceedings the Westminster Defendants wish
6  to pursue, the imposition is relatively limited: plaintiffs chose to bring this case, and would only
7  be required to disclose the facts they believe support their claims. Such a burden is not as severe
8  as for a defendant brought into litigation against their will, or even a plaintiff who would be
9  subject to discovery and required to choose between answering questions they might wish to avoid
10 or facing a potential adverse inference if they refuse. But even that limited burden is not
11 negligible. If required to defend against the Westminster Defendants' challenge the pleadings,
12 Plaintiffs could be faced with a choice between their civil counsel's advice to allege a wider scope
13 of potentially relevant facts in their amended complaint, and their criminal counsel's advice not to
14 speak to the events at issue until the charges against them are resolved. Facts that Plaintiffs
15 believe support their claims could nevertheless have some risk of being construed against them,
16 and while adverse inferences can apply in civil cases in appropriate circumstances, the Court
17 hesitates to presume that "that if one had nothing to hide, one would not invoke the Fifth
18 Amendment's guarantee." *See Nat'l Treasury Emps. Union v. U.S. Dep't of Treasury*, 838 F.
19 Supp. 631, 641 (D.D.C. 1993) (rejecting such reasoning as reminiscent of Senator Joseph
20 McCarthy and "a dark period in the nation's history"). Under the circumstances of this case,
21 Plaintiffs' interest in a stay is likely not insurmountable, but it is meaningful.

22       In contrast, the Westminster Defendants assertion of prejudice from a delay lacks
23 substantiation. While they refer vaguely to added expense, they have not identified any additional
24 cost they would incur if their motion to dismiss were held in abeyance pending resolution of the
25 criminal charges, particularly when the Court has already granted Plaintiffs leave to file an
26 amended complaint that would render the present motion moot. A stay might have adverse effects
27 on later stages of the case if it advances beyond the pleadings—evidence could be lost, or
28 witnesses' memories could fade—but since the Westminster Defendants do not oppose a stay of

further proceedings if their motion to dismiss is denied, Opp'n at 2, their proposed course of action does nothing to ameliorate those risks. The Court finds that the balance of hardships to the parties weighs in favor of granting stay.

The parties agree that third parties and the public at large lack any significant interest in the resolution of the present motion, and the Court finds that the factor of judicial efficiency is also relatively neutral. The Court's request for Plaintiffs to address whether the claims at issue would survive a criminal conviction was related to that factor: if one potential outcome of the criminal proceedings would render this case moot, judicial efficiency might weigh more strongly in favor of declining to consider the present motion until the criminal charges were resolved. Since Plaintiffs believe their claims against the Westminster Defendants are not contingent on a favorable resolution of those charges, however, the Court will likely need to consider a challenge to the pleadings eventually, regardless of the outcome of the criminal case. Perhaps some chance remains that the criminal proceedings could preclude a need to resolve a motion to dismiss—it is conceivable that facts revealed at a criminal trial could cause Plaintiffs to reconsider proceeding with this case or induce the Westminster Defendants to settle—but that speculative possibility does not move the needle significantly. Similarly, while the Court has some interest in the potential to clear a case from its docket, that too is a relatively weak consideration where Plaintiffs' concurrent claims against the County Defendants would not be affected by the Westminster Defendants' motion.

Weighing the implications for Plaintiffs' Fifth Amendment rights if they were required to file an amended complaint at this time, the lack of any meaningful prejudice to Defendants, and the absence of any significant other interest, the Court GRANTS Plaintiffs' motion to stay.

IV.  **CONCLUSION**

For the reasons discussed above, Plaintiffs' motion is GRANTED, and the case is STAYED pending the outcome of the criminal charges pending against Plaintiffs. The parties shall file a joint status report no later than twenty-one days after a final resolution of those charges. If the criminal charges remain pending, a status conference will occur on August 19, 2022 at 2:00 PM, and the parties shall file a joint status report no later than August 12, 2022.

The Westminster Defendants' motion to dismiss is DENIED as moot, without prejudice to any argument they might raise in a renewed motion to dismiss after the stay is lifted. As stated in the Court's previous order, Plaintiffs may file an amended complaint no later than twenty-one days after the resolution of their criminal charges. All Defendants shall answer or otherwise respond no later than twenty-one days after Plaintiffs file an amended complaint or twenty-one days after the time for Plaintiffs to do so expires.

**IT IS SO ORDERED.**

Dated: April 19, 2022

JOSEPH C. SPERO
Chief Magistrate Judge