Jerold D. Friedman (SBN: 290434)
   jerry@lawofficejdf.com
LAW OFFICE OF JEROLD D. FRIEDMAN
19744 Beach Blvd. #390
Huntington Beach, CA 92648
Tel: (213) 536-1244
Fax: (281) 667-3506

Attorney for Plaintiffs
GWEN DANIELSON, EMMA BORHANIAN,
JACK LASOTA, and ALEXANDER JEFFREY LEATHAM

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT of CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GWEN DANIELSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SONOMA, CALIFORNIA, et al., <br><br> Defendants. | Case No.: 3:21-cv-8854-JCS <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS WESTMINSTER WOODS, et al., SUGGESTION OF DEATH UPON THE RECORD OF PLAINTIFFS GWEN DANIELSON AND JACK LASOTA (DOC. NO. 44)** <br><br> *Hon. Joseph C. Spero* |

Plaintiffs Gwen Danielson, Emma Borhanian, Jack LaSota, and Alexander Jeffrey Leatham hereby respond to Defendants Westminster Woods Camp and Conference Center, Christopher Rhodes, and Olivia Longstaff's ("Defendants") Suggestion of Death Upon the Record of Plaintiffs Gwen Danielson and Jack LaSota (Doc. No. 44).

As a preliminary matter, this case is presently under a stay order from the Court. "Plaintiffs' motion is GRANTED, and the case is STAYED pending the outcome of the criminal charges pending against Plaintiffs." (Court's Order, Doc. No. 39, page 9). Defendants filed their suggestion without the stay being lifted. Plaintiffs respond to object to Defendants unripe Suggestion of Death.

1

**Plaintiffs' Response to Defendants Westminster Woods, et al., Suggestion of Death Upon the Record of Plaintiffs Gwen Danielson and Jack LaSota (Doc. No. 44)** / 3:21-cv-8854

On October 14, 2022, Plaintiffs' attorney, undersigned, had informed all parties in this proceeding that there is a "rumor of Plaintiff Gwen Danielson's suicide" and that witnesses allege Plaintiff Jack LaSota fell of a boat in the San Francisco Bay. Defendants urged that Plaintiffs file a Fed.R.Civ.P. 25 Suggestion of Death. Plaintiffs note that Rule 25 triggers when and after a party dies. "If a party dies…" Rule 25(a)(1). "After a party's death…" Rule 25(a)(2).

Plaintiffs' counsel has diligently endeavored to communicate with Plaintiffs Danielson and LaSota but has received no response. Plaintiffs' counsel has no government document, such as a certificate of death, indicating either Plaintiff died. Plaintiffs' counsel has no evidence more reliable than hearsay and cannot verify that either Plaintiff has died or, *arguendo*, is hospitalized and unable to communicate. <u>There is simply an abundant lack of information</u>.

Plaintiffs' counsel has been in regular communication with Plaintiffs' criminal defense attorney, Dan Kapelovitz, who has no evidence of death of either Plaintiff. Similarly, the court presiding over the criminal matter has no evidence of death on the record.

Defendants' Suggestion of Death is based entirely on Plaintiffs' attorney's express incomplete and unreliable information. Defendants filed the Suggestion of Death prematurely in evident maneuvering to start the clock on the dismissal of the action after ninety days. "If the motion [to substitute a proper party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Rule 25(a)(1).

Plaintiffs object to Defendants' Suggestion of Death on the grounds that it is not ripe.

Dated: October 20, 2022

By:
    */s/ Jerold D. Friedman*
    Jerold D. Friedman
    Attorney for Plaintiffs

2

**Plaintiffs' Response to Defendants Westminster Woods, et al., Suggestion of Death Upon the Record of Plaintiffs Gwen Danielson and Jack LaSota (Doc. No. 44)** / 3:21-cv-8854