Jerold D. Friedman (SBN: 290434)
    jerry@lawofficejdf.com
LAW OFFICE OF JEROLD D. FRIEDMAN
19744 Beach Blvd. #390
Huntington Beach, CA 92648
Tel: (213) 536-1244
Fax: (281) 667-3506

Attorney for Plaintiffs
GWEN DANIELSON, EMMA BORHANIAN,
JACK LASOTA, and ALEXANDER JEFFREY LEATHAM

# U.S. DISTRICT COURT
## NORTHERN DISTRICT of CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GWEN DANIELSON, et al., | Case No.: 3:21-cv-8854-JCS |
| Plaintiffs, | **UNOPPOSED (1) MOTIONS FOR WITHDRAWAL AS PLAINTIFFS' COUNSEL FROM ENTIRE CASE, and (2) REQUEST TO WAIVE CASE MANAGEMENT CONFERENCE; DECLARATION OF JEROLD D. FRIEDMAN** |
| v. | |
| COUNTY OF SONOMA, CALIFORNIA, et al., | *Hon. Joseph C. Spero* |
| Defendants. | Date:      February 17, 2023<br>Time:     2:00 P.M.<br>Place:    Zoom / Electronic |

Plaintiffs' attorney, Jerold D. Friedman, representing Gwen Danielson, Emma Borhanian, Jack LaSota, and Alexander Jeffrey Leatham hereby moves the court to permit his withdrawal as counsel from the entire case (L.R. 11-5) and to waive the pending case management conference presently set for February 17, 2023 at 2:00 p.m.

**UNOPPOSED MOTION FOR WITHDRAWAL AS PLAINTIFFS' COUNSEL FROM ENTIRE CASE, and REQUEST TO WAIVE CASE MANAGEMENT CONFERENCE / 3:21-cv-8854**

# I.  INTRODUCTION

As a preliminary matter, this case is presently under a stay order from the Court. (Court's Order, Doc. No. 39, page 9).

Attorney Jerold D. Friedman from the Law Office of Jerold D. Friedman ("Mr. Friedman") hereby moves the Court for leave to withdraw as attorney of record for the entire case and specifically for each of the four Plaintiffs in this case: Gwen Danielson, Emma Borhanian, Jack LaSota, and Alexander Jeffrey Leatham (collectively, "Plaintiffs").

Mr. Friedman makes this motion on multiple grounds as withdrawal is appropriate under California Rules of Professional Conduct ("CRPC") 1.16(b)(4), (5), (6), and Cal. Code Civ. Proc. § 284 ("The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: (1.) Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; (2.) Upon the order of the court, upon the application of either client or attorney, after notice from one to the other.").

Withdrawal of Mr. Friedman and Plaintiffs' eventual substitution of new counsel will not delay prosecution of the case to completion. The case is presently under a stay order pending the outcome of Plaintiffs' underlying criminal charges. There has been no scheduling conference nor trial date set. Discovery has not commenced. Plaintiffs have ample time to seek new attorneys to substitute into this case during the stay. Civil proceedings will resume with Plaintiffs substituted attorneys the initial scheduling conference when the stay lifts.

For the reasons set forth below, Mr. Friedman requests that the Court grant the relief requested under California Rule of Professional Conduct 1.16, Cal. Code of Civil Procedure § 284, and U.S.D.C., Northern Dist. of California, Local Civil Rules, Local Rule 11-5(a) (November 1, 2021).

**UNOPPOSED MOTION FOR WITHDRAWAL AS PLAINTIFFS' COUNSEL FROM ENTIRE CASE, and REQUEST TO WAIVE CASE MANAGEMENT CONFERENCE** / 3:21-cv-8854

## II.   RELEVANT FACTS

### A.  CRPC 1.16(b)(4) Permits Withdrawal

Permissive withdrawal is proper under the circumstances pursuant to CRPC 1.16(b)(4) ("the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"). Mr. Friedman has a good faith basis to withdraw under CRPC 1.16(b)(4). Friedman Decl., ¶¶ 2–4.

### B.  CRPC 1.16(b)(5) Permits Withdrawal

Permissive withdrawal is proper under the circumstances pursuant to CRPC 1.16(b)(5) ("the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation"). Mr. Friedman has a good faith basis to withdraw under CRPC 1.16(b)(5). Friedman Decl., ¶¶ 2–4. Mr. Friedman is unable to disclose further significant details regarding this ground because doing so would violate the attorney's ethical obligation to maintain their client's confidences.

### C.  CRPC 1.16(b)(6) Permits Withdrawal

Permissive withdrawal is proper under the circumstances pursuant to CRPC 1.16(b)(6) ("the client knowingly and freely assents to termination of the representation"). Mr. Friedman has a good faith basis to withdraw under CRPC 1.16(b)(6). Friedman Decl., ¶¶ 5–6.

### D.  Notice to Clients

Mr. Friedman has served this motion to Plaintiffs on January 16, 2023, by e-mail. Additionally, Mr. Friedman has advised Alexander Jeffrey Leatham by phone call of his intent to withdraw on December 9, 2022. Friedman Decl., ¶ 5.

## III.   ARGUMENT

"The decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." *Thompson v. Special Enforcement, Inc*., No. EDCV 04-1666-VAP JCRX, 2008 WL 4811404 at \*2 (C.D. Cal. Oct. 27, 2008) (quoting *Kassab v. San Diego Police Dep't*, No. 07cv1071 WQH (WMc), 2008 WL 251935 at \*1 (S.D. Cal. Jan. 29, 2008)). In ruling on a motion to withdraw as counsel, district courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc*., No. 07CV594WQHLS, 2008 WL 410694 at \*2 (S.D. Cal. Feb. 13, 2008). See also *Nedbank Int'l Ltx. v. Xero Mobile, Inc*., No. CV07-6594 PSG (AGRx), 2008 WL 4814706 at \*1 (C.D. Cal. Oct. 30, 2008). Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. See *Denney v. City of Berkeley*, No. C 02-5935 JL, 2004 WL 2648293 at \*2–3 (N.D. Cal. Nov. 18, 2004) (looking to the Cal. Code of Professional Conduct when determining counsel's motion to withdraw).

1.   <u>Reasons Why Withdrawal is Sought</u>

Mr. Friedman seeks to withdraw from the entire case because ongoing representation of each of the four plaintiffs is untenable per CRPC 1.16(b)(4) and (b)(5), as follows:

Mr. Friedman is unable to communicate with Gwen Danielson. Friedman Decl. ¶ 2.

Mr. Friedman is unable to communicate with Jack LaSota. Friedman Decl. ¶ 3.

Emma Borhanian is deceased. Friedman Decl. ¶ 4.

Pursuant to CRPC 1.16(b)(6), Alexander Jeffrey Leatham has consented to Mr. Friedman's withdrawal. Friedman Decl. ¶ 5.

2.   <u>There is no prejudice to other litigants.</u>

The Court granted a stay pending resolution of Plaintiffs' underlying criminal charges before the initial scheduling conference and before any discovery was sought or exchanged. (Doc. No. 39.) Whether Mr. Friedman continues with this case or if Plaintiffs hire other counsel, the other litigants will have an identical ability to investigate and assert their defenses due to very early stage of this case. (Withdrawal granted due to "little, if any, prejudice to the other litigants" when no discovery had taken place and no current dates pending. *Huckabee v. Med. Staff*, Case No.: 1:09-cv-00749-LJO-BAM PC, at \*7 (E.D. Cal. July 26, 2013)).

3.   <u>There is no harm to the administration of justice.</u>

Plaintiffs have ample time to find other counsel while this case is under stay and their criminal case works its way to conclusion. "The magistrate judge further noted that if plaintiff truly wished to proceed, 'plaintiff can simply substitute in its new counsel.' Accordingly, in the [district judge's] view, consideration of the administration of justice factor weighs in favor of granting attorney's [...] motion to withdrawal." *RP Golden State Mgmt. v. Ohio Sec. Ins. Co*., No. 1:19-cv-00600-DAD-JLT, at \*5 (E.D. Cal. Aug. 24, 2020)

4.   <u>There is no delay to the resolution of the case.</u>

Withdrawal of Mr. Friedman would not further delay the case given that this case is currently stayed. As argued above, if Plaintiffs have ample time to find new counsel, for new counsel to appear, and for this case's stay to remain in place until the underlying criminal matter is resolved. Mr. Friedman's withdrawal would not lengthen the time for the underlying criminal matter to resolve nor for the stay to be lifted.

## IV.  WAIVING THE PENDING STATUS CONFERENCE

The Court set February 17, 2023, as the status conference to hear the instant motion to withdraw. Provided that Plaintiffs' counsel is the movant and all other parties are unopposed, Friedman Decl. ¶ 8, Plaintiffs request that the Court waive the status conference.

## V.  CONCLUSION

For the reasons stated above, Mr. Friedman respectfully requests that the Court grant its motion for leave to withdraw as counsel.


Dated: January 16, 2023                              By:

                                                         _/s/ Jerold D. Friedman_
                                                         Jerold D. Friedman
                                                         Attorney for Plaintiffs

**UNOPPOSED MOTION FOR WITHDRAWAL AS PLAINTIFFS' COUNSEL FROM ENTIRE CASE, and REQUEST TO WAIVE CASE MANAGEMENT CONFERENCE** / 3:21-cv-8854